A. F. DIGNOWITTY ET AL. v. J. M. COLEMAN.

No. 6532.

**Pleading.**—An administrator who is plaintiff can not be required to prove his authority to prosecute a cause under a general denial or a plea of not guilty. It is too late after trial to question the authority of one suing as administrator.

APPEAL from Val Verde. Tried below before Hon. W. Kelso.
The opinion states the case.

*Clamp & Clamp,* for appellants.—As shown by plaintiff's amended pleadings, the administration of the estate of Albino Perez, deceased, became vacant upon the death of Eastman, the administrator, and the power of Coleman in the premises as temporary administrator was shown by the order creating him such; and if the order of his appointment was made by the county judge in vacation, and although expressly authorizing his prosecution of this suit, if the order was not extended at the subsequent term of the County Court of Val Verde County in the manner required by statute, he ceased to be such administrator and his subsequent acts were nullities, and being void could be attacked in any proceeding. Rev. Stats., arts. 1880, 1882.

On void judgments. Morris v. Halbert, 36 Texas, 19; Horan v. Wahrenberger, 9 Texas, 313.

No brief on file for appellee.

GAINES, ASSOCIATE JUSTICE.—This suit was originally brought by W. B. Eastman as administrator of the estate of Albino Perez, deceased, to recover certain town lots alleged to have been the property of the intestate in his lifetime. Eastman having died, the county judge, during the vacation of his court in April, 1887, appointed appellee temporary administrator of the estate of Perez, with special authority to prosecute this suit. Appellee by an amended petition appeared and made himself a party plaintiff, alleging his appointment and authority. The defendants pleaded not guilty, and upon the issues so joined the parties on the 12th of October, 1887, went to trial, and the plaintiff recovered a judgment.

The statute provides that an order appointing a temporary administrator shall cease to operate at the next regular term of the County Court, unless an order be made at that term continuing the appointment. Rev. Stats., art. 1880. It will be seen that by due course of law more than one term of the County Court must have elapsed between the appointment of the administrator and the trial of the cause.

Appellants' first assignment of error is that "The court erred in over-

·ruling the plea to abate the action and, over defendant's objection, in permitting plaintiff to introduce in evidence the order of the county judge ·of Val Verde County, Texas, made in vacation on October 16, 1886, and the letters of administration thereon issued appointing J. M. Coleman temporary administrator to appear and prosecute this suit in the District ·Court of Val Verde County, the said orders and letters of administration being absolutely void, it not appearing that at any subsequent term of the County Court of Val Verde County, Texas, since October 16, 1886, the :said County Court, by an order entered upon the minutes of said court, ·extended the power of said temporary administrator, and therefore said letters were void and subject to attack in any proceeding."

If a plea had been interposed denying the authority of the appellee to further prosecute the suit, the question here presented would have been properly before the court for its consideration. But though the assignment suggests that there was such a plea, there was none in fact filed. An administrator who is plaintiff in a suit can not be required to prove his authority to prosecute the cause under a general denial or a plea of not guilty. Cheatham v. Riddle, 12 Texas, 112. Having gone into trial without having pleaded specially that plaintiff was no longer administrator of the estate of Perez, it was too late for defendants to question his authority. The plaintiff was not required to exhibit his letters of administration, and the defendants were not prejudiced by their admission in evidence.

It is also assigned as error that "The verdict of the jury in finding for ·plaintiff was directly against the charge of the court when the court ·charged the jury that if J. V. Dignowitty was shown to have a joint oc- ·cupancy and interest in said lots with A. F. Dignowitty and the defendants, then to find by their verdict for defendants such interest as was thus ·shown in J. V. Dignowitty, the proof fully showing that J. V. Dignowitty and A. F. Dignowitty were the joint owners and occupants by tenants of said premises."

The charge of the court here referred to is to the effect that if the jury should find that J. V. Dignowitty had title to a portion of the lots in controversy and that the tenants in possession were the joint tenants of A. F. Dignowitty and J. V. Dignowitty, then they should find for defend-ants as to the interest shown to be in J. V. Dignowitty. The latter was not a party to the suit; but why this charge should have been given we are at a loss to discover. In 1882 the lots were conveyed by Martin, the patentee of the survey, to *one* Albino Perez. There were two persons of that name—father and son. The father died in 1883, and appellee is the administrator of his estate. In 1884 a judgment ·was obtained against the son, and by virtue of that judgment the lots in controversy were sold under execution as the property of Albino Perez, Jr. The purchaser at that sale conveyed the property to A. F. Dignowitty and J. V. Dignowitty.

Was the Albino Perez to whom the lots were conveyed in 1882 the father or the son? is the question which was presented on the trial. If they were conveyed to the father neither of the Dignowittys had any title, and plaintiff had the right to recover against either or both and against the tenants of either or both. The tenants of J. V. Dignowitty were in no better position, he not being a party, than they would have been if he had been a defendant in the suit. If the lots were the property of the son, then the father had no title and his administrator had no right to recover against any person. The jury evidently found that the grantee in the deed from Martin to Perez was the father. There was some testimony tending to show the contrary, but the evidence was amply sufficient to sustain the verdict. The judgment is affirmed.

*Affirmed.*

Delivered April 29, 1890.