Adopted February 17, 1891.

---

JAMES A. CALLAHAN v. P. J. HENDRIX, EXECUTOR.

No. 6505.

1. **Practice—Refusing Instructions Given.**—It is no ground for complaint that instructions already given in the general charge to the jury are refused. It is not the duty of the judge to repeat a charge.

2. **Registration of a Judgment.**—A judgment of the District Court determined between the parties the ownership of a land certificate described and the land located under it. The judgment was not duly registered in the county where the land lies. *Held*, that the copy of the judgment so recorded was competent, where relevant, to prove title as between the parties to the suit, although the imperfect record was not notice to purchasers.

· **3.  Suit by Executor — Practice.**—The character in which the plaintiff sued not having been put in issue by plea denying that he was executor as alleged, there was no necessity for proving the appointment as executor.

APPEAL from Clay.   Tried below before Hon. P. M. Stine.

The opinion gives a sufficient statement.

*D. T. Bomar* and *Davis & Garnett,* for appellant.— 1.  The verdict is contrary to law and evidence, for the proof shows defendant paid value for the land and did not know and could not have known of the burnt judgments in the District Court of Wood County, Texas, in causes Nos. 264 and 757.   Rev. Stats., arts. 4332, 4333, 4334, 4339;  Wade on Notice, sec. 209, *et seq.;* 2 White & Tudor's Lead. Cases Eq., 4 ed., 153, 158, 161, 163, 166.

2.   On charges refused.   Wimberly v. Pabst, 55 Texas, 587; Holmes v. Johns, 56 Texas, 41;  Hill v. Moore, 62 Texas, 610;  Watson v. Chalk, 11 Texas, 89;  Chicago v. Witt, 75 Ill., 210;  Rev. Stats., arts., 4339, 4340;  Wade on Notice, sec. 210;  2 White & Tudor's Lead. Cases Eq., 4 ed., 153, 161, 162, 166.

3.   The verdict is contrary to law and evidence, there being nothing showing that P. J. Hendrix is executor of Larkin Hendrix or has any right to maintain this suit.    Pasch. Dig., arts. 5623, 5625;  Hawkins v. Forrest, Posey's U. C., 167;  Beale v. Batte, 31 Texas, 372;  Blair v. Cisnerous, 10 Texas, 34;  Fish v. Norvell, 9 Texas, 13;  Sayles' Plead., sec. 53.

*Hazlewood & Templeton,* for appellee.— 1.  Whenever a judgment transfers a title or is the foundation of a claim to possession it is admissible against strangers as well as for or against the parties thereto, upon the same principles as voluntary conveyances.    Russell v. Farquhar, 55 Texas, 355;  Freem. on Judg., sec. 416.

2.   Article 4339 of the Revised Statutes, providing for the registration of judgments, etc., was only intended to protect creditors and subsequent purchasers against prior secret conveyances, encumbrances, etc., and did not otherwise affect the common law rule regarding the admissibility of such judgments in evidence.    Russell v. Farquhar, 55 Texas, 355.

3.   The allegation in plaintiff's petition " that plaintiff is the executor of the last will and testament of Larkin Hendrix, deceased, duly appointed by the —— Court of Wood County, Texas, at the —— Term, 1874," and "that on the 1st day of September, 1885, plaintiff as such executor was lawfully seized and possessed of the following described land," etc., " holding same in fee simple," etc., were sufficient allegations of ownership and of the character in which plaintiff sued, and appellant's general demurrer was rightfully overruled.    Rev. Stats., art. 4786; Rule 17 for Dist. Cts.; Ufford v. Wells, 52 Texas, 612;  Evans v. Womack, 48 Texas, 230;  Sayles & Bass. Plead., secs. 26, 38.

4.   Where a party sues in his representative capacity it is not necessary in order to entitle him to recover that he should affirmatively prove his capacity, unless this is specially denied by the defendant in his pleadings or is controverted by the evidence.   Rev. Stats., art. 1265, sec. 3; Ufford v. Wells, 52 Texas, 618.

HOBBY, PRESIDING JUDGE.—The appellee, as executor of Larkin Hendrix, brought this suit in the usual form of trespass to try title, against James A. Callahan, to recover the land in controversy, to-wit, 831 acres in the northwest corner of a survey of 3320 acres in Clay County, patented to the heirs of Charles Stanley.

There was a general demurrer, plea of not guilty, special pleas of limitation, and a claim for compensation for improvements made in good faith, etc.   The defendant, Callahan, made his warrantors, M. M. and W. W. Purinton, parties and prayed for judgment over against them conditionally.   A trial resulted in a verdict by the jury for plaintiff for the land and for the defendant against Purinton.   The defendant, Callahan, prosecutes this appeal therefrom.

The thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, and eighteenth assignments relate to the court's refusal to give special instructions requested by the appellant.

These instructions were in the main correct and applicable to the facts of the case.   We have examined the charge given in connection with the instructions requested, and we are of opinion that they are contained substantially in the general charge, and therefore, under the familiar rule of practice which prohibits the repetition of instructions already given, they were properly refused.

The assignments we do not think are well taken.

The second error assigned is as follows:   "The verdict is contrary to law and evidence, for the proof shows that defendant paid value for the land and did not know and could not have known of the burnt judgments in the District Court of Wood County, Texas, in causes Nos. 264 and 757."

The fifth and sixth assignments, which should be discussed in this connection, are that "The court erred in admitting the evidence in regard to the judgments rendered in the District Court of Wood County in causes Nos. 126 and 264, because said judgments had not been registered in Clay County, where the land involved was located."

The land in controversy between the parties to this suit was located by virtue of a certificate for a league and labor issued to Charles Stanley, who died leaving his wife, Sarah Stanley, his sole legatee.

The title of the plaintiff, appellee Hendrix, is deraigned from and under a judgment of the District Court divesting the title to the certificate out of said Sarah Stanley and vesting it, as also the land located thereunder, in him.   The defendant (appellant) claims title as an innocent purchaser

for value, etc., from the vendees of the heirs of Sarah Stanley. Such is a general statement of the character of title under which the parties respectively claim.

The proof showed that Charles Stanley had during his lifetime executed a mortgage on the certificate to plaintiff's testator, Larkin Hendrix. He had also located the certificate on a tract of land in Wood County covered by an older title known as the Barnhill league. Suit was brought in 1855 by Hendrix to foreclose the mortgage, pending which Stanley died, leaving his widow, Sarah Stanley, his legatee and executrix. She was made a party to this suit, the mortgage foreclosed, order of sale issued, and at a sale thereunder said Hendrix became the purchaser in 1857. This suit was numbered 126 on the docket of the District Court of Wood County.

The location by Stanley in 1853 of the certificate on the Barnhill league, as explained above, resulted also in a suit, which was brought in Wood County in February, 1858, by the heirs of William Barnhill against Mrs. Sarah Stanley and others, to which Larkin Hendrix became a party. This suit was numbered 264, and the subject matter of litigation was the validity of the location in Wood County and the ownership of the Stanley certificate. Judgment was rendered in 1867 and partition ordered, and in 1868, under an agreement between all of the parties to the suit, a decree of partition was entered in so far as to settle the respective interests of all parties in the Barnhill league and the Stanley certificate. Mrs. Stanley received 160 acres of the land. The remainder was divided between the Barnhill heirs and Larkin Hendrix, as was the said certificate, which Hendrix was authorized to locate, and which he located in Cooke and Clay counties. The decree was left open to await the location of the certificate until December 4, 1878, when the decree was entered dividing between the parties to whom the certificate had been awarded the land thus located, that in controversy being allotted to Hendrix.

It is disclosed also by the record that in 1873 the Stanley heirs brought suit against plaintiff's testator, P. J. Hendrix, claiming the land awarded to him in the suit No. 264. There was a verdict and judgment for them in 1885, which upon appeal to the Supreme Court was reversed. Hendrix v. Nun et al., 46 Texas, 141. After being remanded it was dismissed in the District Court at April Term, 1878. The court house of Wood County was destroyed by fire December 9, 1878, together with the judgments and papers above mentioned.

The decree in cause No. 264 was substituted and recorded in the mortgage records of Clay County, but it seems not in the record of deeds until after the sale to appellant Callahan; but it appears to have been delivered to the county clerk of Clay County to be recorded as a muniment of title before he bought.

The land was patented to the heirs of Stanley in November, 1870, who had conveyed the lands to be located by the Stanley certificate to William

C. Yarbrough in February, 1878, the consideration recited being $1000. William C. Yarbrough conveyed to T. J. Russell October, 13, 1883, also deed from tax collector of Clay County to Jonathan Russell dated June 30, 1879. On April 20, 1885, T. J. Russell executed a quitclaim deed to Isham Russell, reciting a consideration of $2000. In November, 1885, Isham Russell conveyed the land to M. M. Purinton, who in December, 1885, executed a deed to the appellant Jas. A. Callahan, the latter paying in cash $1550 and executing his note for $2000.

There was conflicting evidence as to whether Callahan had notice of appellee's title. Such are the facts in the case.

There can be no doubt, we think, that the judgment in the cause numbered 264, rendered in the District Court of Wood County, operated to vest the title to the land involved in appellee's testator, Larken Hendrix. It was manifestly an adjudication of whatever adverse right or opposing claim Mrs. Sarah Stanley may have had in the certificate and the location made thereunder. It had this effect as between them, independently of its registration in the county where the land was situated.

The same principle that would make an unrecorded deed none the less effective as a muniment of title applies to this judgment.

Article 4339, Revised Statutes, which in substance requires that all judgments of partition of real property or by which title to land is recovered, etc., shall be recorded in the county where the land lies before it shall be "received in evidence in support of any right claimed by virtue thereof," was not intended to prohibit the introduction in evidence of a decree not so recorded as a muniment of title in those cases where it was not sought to charge a subsequent innocent purchaser with notice by it.

The object of that article is, as is that of our system of registration laws, to protect subsequent purchasers for value without notice, and to make inadmissible as evidence such judgments when attempted to be used to affect such purchaser with notice. The judgment is not less competent as evidence of title than is an unrecorded deed. But to charge appellant with notice it was inadmissible, and his right in this respect was correctly and carefully guarded by the court's instruction to the jury, to the effect that the statute required such decree to be recorded in the county where the land was, and that if not so recorded it was void as to innocent purchasers for value. The jury were further told that "the mere record of substituted judgment (introduced in evidence) in the mortgage record of Clay County would not constitute notice that at the date of the deed to W. C. Yarbrough the heirs of Charles T. and Sarah Stanley had been divested of their title."

The question of actual notice of appellee's title or his knowledge of such facts as devolved upon appellant the duty of inquiry, was by the court properly left for the jury to determine from the proof under appropriate instructions.

The jury decided under the facts and the law thus given that the appellant had not established his plea of an innocent purchaser. The proof upon this point, as we have stated, was clearly conflicting, and we can not say it was not sufficient to support the finding.

The remaining assignment is that the verdict is contrary to the law and the evidence, because there is nothing showing that P. J. Hendrix is executor of Larkin Hendrix or has any right to maintain this suit; and also that the court erred in overruling the defendant's exception to the petition. The petition alleged that plaintiff was the executor of the last will, etc., of Larkin Hendrix, deceased, duly appointed, etc. There was but a general demurrer to the petition, which was properly overruled. If the defendant desired to question the authority of plaintiff to bring this suit or prosecute it, a plea should have been interposed denying his right to maintain the action, and the question would have been brought properly before us. No such issue was raised on the trial. The assignment is not well taken. Dignowitty v. Coleman, 77 Texas, 98.

We think the judgment should be affirmed.

*Affirmed.*