## J. H. SHOTWELL v. DAVIS McCARDELL ET AL.

Delivered June 9, 1898.

### 1. Practice on Appeal—Judgment of Dismissal Below.

A judgment dismissing a suit on grounds which go to the foundation of the action can not be sustained on appeal because there were defective allegations in the petition duly excepted to, but relating to matters curable by amendment.

### 2. Superior Title—Vendor's Lien—Administrator's Deed.

The fact that a deed which reserves a lien for unpaid purchase money was made by an administrator under orders of the court does not prevent it from being an executory contract, nor deprive those representing the estate from reclaiming the land after the debt is barred and having all the remedies for the enforcement of rights under it that individuals would be entitled to under a similar transaction.

### 3. Presumption of Payment.

The presumption of payment which arises from failure to enforce a vendor's lien for a long period of time is not an absolute but a rebuttable one, and can not be indulged upon exceptions to a petition against its direct allegation that the debt had not been paid.

### 4. Limitation—Adverse Possession Under Lien.

A judgment dismissing the plaintiff's petition can not be upheld on the ground that the suit is barred by limitation, where reservation of a vendor's lien upon land is alleged, since a possession held under executory contract is not ordinarily adverse.

### 5. Vendor's Lien Secures What Part of Debt.

A lien for unpaid purchase money reserved in a deed secures, as against the bar of limitations, only that part of the debt for which the lien is expressly reserved, and not a part incorrectly recited as paid.

APPEAL from Polk.   Tried below before Hon. L. B. HIGHTOWER.

*Hill & Hill,* for appellant.

*Adams & Campbell,* for appellees.

WILLIAMS, ASSOCIATE JUSTICE.—Appellant, as administrator de bonis non of the estate of A. P. Garner, deceased, brought this suit against Davis McCardell, W. K. McCardell, and A. M. Paschal, formerly A. M. Garner, to recover a tract of 268 acres of land.   The petition alleged that in 1877 the estate owned the land, and that W. H. Garner and F. T. Garner were then the administrators; that during that year the administrators, under an order of sale made by the probate court, sold the land to A. M. Garner, and that the sale was duly confirmed by the court; that the deed made to the purchaser recited that the consideration paid for the land was $670, of which $223.33 was paid in cash, and the remainder, $446.67, was secured by a note executed by the purchaser to the administrators; that the deed on its face recited this note and reserved a lien upon the land to secure its payment, and that both the deed and the order of confirmation showed that the sale was executory and that the legal title remained in the estate until the note should be paid; that in fact neither the money recited to have been paid nor the note or

any part of it had ever been paid; that on July 26, 1886, A. M. Garner conveyed the land to W. K. McCardell in trust to secure an indebtedness of herself to him; that on February 13, 1888, A. M. Garner conveyed the land to W. K. McCardell in trust to secure her indebtedness to Davis McCardell; that on the 16th day of November, 1889, A. M. Garner conveyed the land by deed to Davis McCardell; that on January 16, 1890, Davis McCardell by bond for title obligated himself to convey the land to W. K. McCardell; that on the 21st of December, 1891, Davis McCardell by deed, for the recited consideration of $1300 paid and secured, conveyed the land to W. K. McCardell. At the time of this transaction both the McCardells knew of the fact that the purchase money had not been paid to the estate of A. P. Garner, and that the sale thereof by said administrators was executory. The petition stated that, because the purchase money had not been paid, the plaintiff rescinds the deed of conveyance to A. M. Garner unless the defendants will tender in court the purchase money and interest; and in case the defendants should plead the statute of limitations or refuse to tender the purchase money, then plaintiff rescinds the contract, and asks for a decree for the possession of the property. The petition also asks for writ of possession in case the defendants refuse to pay the purchase money, and in case they should pay the money, that title should be invested in the one entitled. The defendants filed many exceptions to the petition, of which those raising the issues of limitation were sustained, because, as stated in the judgment, "the title did not remain in the estate of A. P. Garner, deceased, and his administrators, acting under an order of the probate court, sold and conveyed the land in question to A. M. Garner, though a lien was reserved in the deed for the purchase money of the land, and plaintiff's claim is barred by the statute of limitations as a moneyed demand." The action was therefore dismissed, and plaintiff appealed. One of the exceptions objected to the petition because the terms of the note given for the purchase money were not sufficiently alleged, and this, perhaps, ought to have been sustained; but as the petition could have been amended so as to meet this objection, the judgment can not be affirmed because of this defect, when the judgment is based upon propositions which went to the foundation of the action and defeated the suit. If the ruling, as stated in the judgment, was erroneous, it must necessarily follow that the judgment should be reversed. That in sales of land between parties, a reservation in the deed of a lien to secure unpaid purchase money renders the contract executory and entitles the vendor, upon default of payment by the vendee, to reassert this title and reclaim the land, is a proposition which has long been settled by the decisions in this State and one which is not denied. The fact that the claim for recovery of the purchase money is barred by limitation does not preclude the vendor from recovering the land, where the recovery of the purchase money is defeated by plea of the statute of limitations. White v. Cole, 87 Texas, 500; Hamblen v. Folts & Walsh, 70 Texas, 133.

Serious doubt might be entertained whether or not these rules apply

in the case of judicial sales of land by administrators, etc., made under orders of court, if the question were an open one. Such a doubt is expressed by Judge Stayton in the case of Weems v. Masterson, 80 Texas, 45. The question is not, however, authoritatively decided or discussed in that case, nor is any reference made to the decision of the Supreme Court in the case of Burgess v. Millican, 50 Texas, 397. In the last named case a sale of land by an administrator, in which a deed had been made to the purchaser and a mortgage taken to secure the purchase money, was under consideration, and Judge Moore, after a discussion of the question, held that the same rule applicable to similar transactions, where they are had between individuals, applies to sales by administrators. The question was also in a measure involved in the case of Wright v. Wooters, 46 Texas, 380, and nothing is there said to indicate that there is any difference in this respect between conveyances by administrators and those by individuals. The reservation of the lien in the deed of conveyance, by all the decisions, has the same effect in rendering the contract executory as the taking of a mortgage to secure the purchase money, and this difference between the facts of this case and those of Millican v. Burgess can therefore make no difference in the principle applicable. In this state of the authorities we do not feel authorized to treat the question as an open one, and must therefore hold that the fact that the deed set up in plaintiff's petition was made by an administrator under orders of the court, does not defeat the claim that the contract was executory, and that those representing the estate were entitled to the same remedies for the enforcement of its rights that an individual would have had under a similar transaction. We have already said that the fact that the debt was barred by limitation would not preclude the vendor from recovering the land, where the purchaser or those responsible for the debt set up limitation against it. That is all the plaintiff asks to do. The defendants can defeat the action if the debt has been paid, and it would seem that the long lapse of time since the transaction occurred would give rise to a presumption of payment which the plaintiff would have to rebut. Weems v. Masterson, supra; Johnson v. Lockhart, 40 S. W. Rep., 640.

The case of Weems v. Masterson, cited, was tried upon the facts, and the court concluded that, from lapse of time and other circumstances, it should be held that the debt had been paid and the right of the vendor to rescind the contract lost. It was proper to do this where the court had heard the evidence and the presumption of payment was consistent with all the facts, but such a presumption is not an absolute but a rebuttable one, and hence it can not be indulged, on exceptions to a petition, against its direct allegation that the debt had not been paid. Nor can the ruling be upheld on the ground that plaintiff's action for the land was barred by limitation. The bar of limitation to such action could only arise from adverse possession, and the petition does not on its face state facts enough to establish such defense. If it exists, the burden rests upon the defendant to plead and prove it. A possession held under an executory contract, such as that in question, where the purchase money has not been

paid, is not ordinarily adverse, but circumstances may exist to show that a particular possession was in fact of that character.

In what we have said concerning plaintiff's right to recover in default of payment of the purchase money, we have reference to that part of the purchase money for which the lien was expressly retained in the deed. It is only from default in payment of that, that the plaintiff has a right, if at all, to rescind the contract. While the recital of payment of part of the purchase money in the deed would not have prevented a recovery of such part, if in fact unpaid, by suit before the debt was barred, yet the terms of the deed gave to the administrators no right to rescind the conveyance upon default of this payment. Their sole remedy as to that part of the purchase money was a suit to recover it, and such suit being barred by limitation they had no remedy left them to enforce collection of it. Reversed and remanded.

*Reversed and remanded.*