### Sam Spikes v. T. T. Howard, Administrator.

#### Decided June 19, 1908.

**1.—Trespass to Try Title—Filing Abstract of Title—Assignment of Error.**

In a suit of trespass to try title an assignment of error based upon the admission in evidence of plaintiff's title papers over defendant's objection that plaintiff failed to file an abstract of his title within twenty days after demand for the same, is insufficient when the statement under the assignment fails to show that the abstract was not filed after the twenty days by permission of the court upon good cause shown, as provided by the statute.

**2.—Brief—Rule 31.**

An assignment of error will not be considered when not followed by a supporting statement from the record, as required by rule 31.

**3.—Trial—Requesting Charge after Retirement of Jury.**

The refusal of the trial court to give a special charge requested after the jury had retired, will not be cause for reversal in the absence of a statement under the assignment showing what the special charge contained, or that there was any evidence in the case which called for or authorized the giving of the requested charge, and nothing showing why the party could not have prepared and presented the charge before the jury retired.

**4.—Administrator—Right to Sue.**

In the absence of a plea challenging his right to sue in such capacity, an administrator may maintain a suit of trespass to try title without introducing evidence of his appointment as administrator and his right to sue in that capacity.

Appeal from the District Court of Newton County. Tried below before Hon. W. B. Powell.

*B. E. Moore,* for appellant.

*J. R. West, Jno. Hamman* and *John B. Warren,* for appellee.

PLEASANTS, Chief Justice.—This is an action of trespass to try title brought by appellee as administrator of the estate of C. H. Howard, deceased, against appellant and Boy Cooper to recover a tract of 320 acres of land out of the Seth Swift league in Newton County. The defendant Cooper filed a disclaimer. Appellant answered by plea of not guilty, and plea of limitation of ten years as to the northwest half of the land in suit. The trial in the court below by a jury resulted in a verdict and judgment in favor of plaintiff as administrator for all of the land.

The first assignment of error presented in appellant's brief is as follows:

"The court erred in permitting in evidence a copy of patent and deed from Lidia C. Swift et al. to T. T. Howard, temporary administrator, over defendant's objection, because defendant has given proper notice to plaintiff to file his abstract of title upon which he relies, and that said abstract was filed more than 20 days after plaintiff received said notice, the defendant then and there offering to show the court that said notice was served and that the abstract was filed more than 20 days after plaintiff received said notice, and the plaintiff not offering to show the court any reason why said abstract was not sooner filed. This assignment is a proposition itself. Statement as heretofore given and expressed in bills of exception 1 and 2, trans. 16."

The previous statement referred to in reference to this matter is as follows:

"Plaintiff over defendant's objections, introduced title to the land, that notice by the defendant has been served upon plaintiff to file abstract of his title which he did not do as required by law. Defendant excepted to same. (See bill of exceptions 1 and 2, trans. 16.)"

If this statement is sufficient to require a consideration of the assignment we do not think it shows that the court erred in overruling the objection to the admission in evidence of the patent and deed. The statute provides that "such abstract of title shall be filed with the papers of the cause within twenty days after the service of the notice or within such further time as the court, on good cause shown, may grant." Art. 5261, Sayles Statutes. The statement does not show that the abstract was not filed by permission of the court upon good cause shown as provided in the statute above quoted, and in the absence of such showing we can not say that the trial court erred in permitting plaintiff to introduce his deeds in evidence.

The next five assignments presented in appellant's brief will not be considered because none of them is followed by a supporting statement from the record as required by rule 31.

The eighth assignment (seventh in the brief) with its accompanying statement is as follows:

"The court erred in refusing to give to the jury defendant's special charge one, because the defendant did not have the opportunity to prepare and present same before the jury retired, and said special charge was called for by the evidence, and the main charge does not cover same.

"*Statement.*—The court gave as his reason for not giving this charge because the jury had retired ten minutes and was covered by his main charge."

The statement under this assignment is clearly insufficient. If we go to the record, which we are not required to do, to find out what the special charge contained, there is nothing in the statement showing that there was any evidence in the case which called for or authorized the giving of the requested instruction and nothing showing why the defendant could not have prepared and requested the court to give the instruction before the jury retired. The assignment can not be considered.

The remaining assignment can not be sustained. The regularity of the proceedings in the probate court under which the plaintiff as administrator of the estate of C. H. Howard was authorized to purchase the land in this suit, does not affect the title to the land in said administrator, and can not be inquired into in this case. Appellee suing as administrator was not required, in the absence of a plea challenging his right to sue in such capacity, to introduce any evidence showing his appointment as administrator and his right to sue in that capacity. Dolson v. De Ganahl, 70 Texas, 620.

The judgment of the court below is affirmed.

*Affirmed.*