### FULSHEAR v. DEADMAN et al.

(Court of Civil Appeals of Texas. Texarkana. Feb. 13, 1913.)

1. ADVERSE POSSESSION (§ 100*)—EXTENT OF POSSESSION.

In trespass to try title, where defendant claimed title by adverse possession, but only proved actual possession of four or five acres, and had no written evidence of title, except a mortgage which did not describe the boundaries, the court should have charged, as requested, that defendant's adverse possession, if any, would not embrace more than 160 acres, in view of Rev. Civ. St. 1911, art. 5676, providing that possession of a less quantity than 160 acres shall not be construed to embrace more than 160 acres, unless the possession is under a written memorandum of title fixing the boundaries of the claim.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 547–574; Dec. Dig. § 100.*]

2. MORTGAGES (§ 319*)—PRESUMPTION OF PAYMENT FROM LAPSE OF TIME.

Fifty years after the maturity of a debt secured by a mortgage, it would be presumed, in the absence of evidence to the contrary, that the debt was paid, and that the instrument was no longer effective as a mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 855–863, 875, 913; Dec. Dig. § 319.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Trespass to try title by J. T. Fulshear against Austin Deadman and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

P. M. Young and M. P. McGee, both of Marshall, for appellant. F. H. Prendergast and John W. Scott, both of Marshall, for appellees.

WILLSON, C. J. The suit resulting in the judgment from which this appeal is prosecuted was the ordinary one of trespass to try title. Appellant was the plaintiff, and it appeared that he had title to the land (the Geo.

W. Cartwright survey of 215 acres in Harrison county), unless the appellees had acquired title thereto under the statute of limitations of 10 years. The jury found appellees had so acquired title, and judgment was rendered in their favor for the 215 acres.

[1] Over appellant's objection thereto on various grounds, the court admitted as evidence an instrument dated April 28, 1860, executed by John C. Duval, conveying the land in controversy, and other lands, to Joseph Taylor to secure a loan of $150 made by Taylor to Duval. In this instrument the land was described as having been "entered" by virtue of the "headright of G. W. Cartwright," but was not otherwise described. It was not shown that Duval owned the land. Recitals in the instrument referred to indicate he claimed only a locative interest in it. Whether the loan made to him by Taylor was ever repaid or not was not shown. Appellees offered, and the court admitted as evidence, a deed dated March 16, 1905, filed for record April 15, 1907, made by Mrs. E. S. Sloan, heir of Joseph Taylor, conveying the land by metes and bounds to Behn Cook, one of the appellees, who by a deed dated September 25, 1909, conveyed it to appellee Deadman. By a deed of the same date (September 25, 1909), Deadman conveyed 100 of the 215 acres to appellee Levi Miller. From other testimony it appeared that, about 15 years before the date of the trial, to wit, April 2, 1912, Miller lived on land adjoining that in controversy, and then with the consent of Cook, who claimed to own or control it, cleared and fenced, and thereafterwards cultivated and used, four or five acres of it. It also appeared that Cook surveyed the land 15 or 18 years before the date of the trial, sold timber off of it, and that he, the other appellees, and Mrs. Sloan paid taxes on it. On the issue made by the testimony referred to, the court instructed the jury as follows: "If you believe that defendants and Mrs. Sloan, under whom they claim, have had and held adverse and exclusive possession of a portion of the land, cultivating, using, and enjoying the same under a claim of the whole of the 215 acres for more than 10 years before January 11, 1911, the date this suit was filed, then defendant is entitled to recover the land on the plea of limitation, and you will so find. On the other hand, if the defendants and those under whom they claim have had and held adverse, peaceable, and exclusive possession of a part of the land sued for, cultivating, using, and enjoying the same for more than 10 years before this suit was filed, not claiming the whole 215 acres for more than 10 years, then the defendants will be entitled to recover the number of acres claimed, not exceeding 160 acres of said land, so as to include the improvements placed on the land by defendants."

Appellant requested the court to instruct the jury as follows: "You are instructed that the deed of trust executed by John C. Duval to Joseph Taylor in the year 1860 does not convey title to the land, and is not a memorandum of title other than a deed fixing the boundary of the claim. You are therefore instructed that the peaceable and adverse possession, if any, in this case would not embrace more than 160 acres; and, if you return a verdict for defendants, such verdict should be for only 160 acres, including the small 3 or 4 acres of which the defendants claim to have possession."

We think the court erred in instructing the jury as set out above, and in refusing to instruct them, as requested by appellant, that appellees' possession could not be construed to embrace more than 160 of the 215 acres in controversy. By the express terms of the statute, a person claiming under it, as appellees were, was not entitled to have his possession of a less quantity than 160 acres construed to embrace more than 160 acres, unless his possession was taken and held under a written memorandum of title fixing the boundaries of his claim. Article 5676, R. S. 1911. Appellees did not take and were not holding possession of any part of the 215 acres under such a memorandum. The instrument made by Duval to secure the loan from Taylor did not give the boundaries of the land, and for that reason, if for no other, did not satisfy the requirement of the statute. For the error indicated, the judgment will be reversed.

[2] We think the instrument referred to should be construed to have been a mortgage, and that it should not, over appellant's objection, have been admitted as evidence of a claim to the land on the part of either Taylor, Mrs. Sloan, or appellees. Nearly 50 years having elapsed between the time the debt it secured became due and the time of the trial, and no evidence to the contrary having been offered, we think a presumption that the debt had been paid should have been indulged and the instrument held to have been no longer effective, even as a mortgage. Shotwell v. McCardell, 19 Tex. Civ. App. 174, 47 S. W. 40; Foot v. Silliman, 77 Tex. 268, 13 S. W. 1034; Weems v. Masterson, 80 Tex. 45, 15 S. W. 593.

By several assignments, appellant complains of the refusal of the court to give other special charges requested by him. The matters embraced in the charges refused we think were sufficiently covered by the court's main charge. Therefore these assignments are overruled.

The judgment is reversed, and the cause is remanded for a new trial.