## MUNZESHEIMER v. LEOPOLD.

### No. 11392.

Court of Civil Appeals of Texas. Galveston.

May 21, 1942.

Rehearing Denied June 25, 1942.

Robert M. Lyles, of Angleton, and Lawrence Lipper, of Houston, for appellant.

Sam Holliday and T. J. Stovall, both of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellant, Mrs. Beulah M. Munzesheimer, for the cancellation of a certain judgment and an execution sale thereunder and for the removal of clouds cast upon her title to certain oil royalty interests in lands in Brazoria County, Texas, evidenced by abstracts of judgments in favor of N. E. Leopold.

In a trial before the court, without a jury, judgment was rendered denying appellant the relief sought in so far as it applied to the filing and recording of an abstract of a judgment rendered in the district court of Harris County in cause No. 220,246.

No findings of fact or conclusions of law were requested by the parties or filed by the trial court.

Appellant sought (1) the cancellation of an execution sale held in Brazoria County under judgment of the district court of Harris County in cause No. 217,436; (2) the removal of a cloud cast upon her title to said royalty interests by the filing of an abstract of judgment in said cause; and (3) the removal of a cloud cast upon her title to said interests by the filing in Brazoria County of an abstract of judg-

ment of the district court of Harris County in cause No. 220,246.

Upon the trial of the cause it was stipulated by appellee that appellant was entitled to the relief it sought in so far as it applied to the record of the abstract of judgment in said cause No. 217,436, and the execution sale thereunder.

Lawrence Lipper acquired the royalty interests involved herein by deed dated December 20, 1932. This instrument was recorded in the deed records of Brazoria County, Texas, on January 10, 1933. He later transferred and assigned the interests acquired by him under said deed to appellant. On February 26, 1936, appellee recovered a judgment against Lawrence Lipper and others in cause No. 220,246 in the district court of Harris County. An abstract of said judgment was duly recorded in the abstract of judgment records of Brazoria County on March 13, 1936, and was indexed. The deed conveying the interests involved herein from Lawrence Lipper to appellant was filed for record in Brazoria County on June 29, 1937, after appellee's abstract of said judgment had been filed in the abstract of judgment records of the county. Said conveyance from Lawrence Lipper to appellant was purported to have been dated January 23, 1936. However, it was admitted by Lawrence Lipper, appellant's counsel, that the date of said instrument had been altered prior to the date of its filing for record.

■ It is now the settled law that a contract affecting land in this state, creating or reserving mineral royalty in such land, constitutes such royalty real estate.

In the recent case of Veal v. Thomason, 159 S.W.2d 472, 476, the Supreme Court, speaking through Justice Critz, held that: "* * * a contract affecting land in this State, which grants or reserves mineral royalty in such land, constitutes the owner of such royalty the owner of an estate in such land" (authorities cited) and that "It is also settled by our decisions that mineral royalty affecting land in this State, granted or reserved, 'and however payable—whether in the specific product * * * or in money measured by the value of the product' is an interest in the land covered by the contract." Id. (authorities cited).

Since, under above authority, the royalty interests acquired by appellant from Law-

rence Lipper and involved herein are realty, the only question to be determined is whether said royalty interests are such interests in real estate as to become the subject of a judgment lien under Article 5449, Revised Civil Statutes, as amended in 1935, Vernon's Ann.Civ.St. art. 5449, and effective at the time of the transactions involved herein.

The material parts of said Article 5449, as so amended, read: "When any judgment has been so recorded and indexed, it shall, from the date of such record and index, operate as a lien upon all of the real estate of the defendant situated in the county where such record and index are made, and upon all real estate which the defendant may thereafter acquire, situated in said county. * * *"

■ Since this article does not except mineral interests in land which, under above authority, are held to be real estate, it follows that upon the recording and indexing of the abstract of judgment in said cause No. 220246, appellee's judgment lien immediately attached to all of the real estate then owned by Lawrence Lipper in Brazoria County, including the royalty interests involved herein.

Appellant complains of the action of the trial court in rendering judgment in favor of appellee, for the alleged reason that appellee did not plead in defense of his judgment lien in said cause No. 220,246, that he had complied with all necessary legal requirements and prove that his abstract of judgment had been properly recorded and indexed. She contends that, when said abstract of judgment was attacked by her, it was incumbent upon appellee to plead and prove that he had complied with all legal requirements with reference to its recording and indexing. This contention cannot be sustained.

Appellant alleged, among other facts, that said abstract of judgment was ineffective to create a lien against the royalty interests involved herein, for the reason that it did not correctly set forth the amount of said judgment and that there had been no execution issued thereon.

Appellee answered by general denial and a plea of not guilty, only. Appellant introduced said abstract of judgment in evidence but offered no proof of the alleged infirmities in its record.

■ The principle that a plaintiff must prove his case is elementary in Texas.

The burden of proof is upon a party to establish, by a preponderance of the evidence, the affirmative of the issues upon which he relies for recovery. Boswell v. Pannell, 107 Tex. 433, 180 S.W. 593; Kirby Lumber Co. v. Stewart, Tex.Civ.App., 141 S. W. 295. Having asserted the affirmative of an issue, which is denied, he must establish it. "The party denying his allegations cannot have this burden at any time during the trial, for it would be absurd to say that both the plaintiff and defendant have the same burden on the same issue." Martin v. Farmers' Nat. Bank, Tex.Civ. App., 294 S.W. 240, 241.

In the instant case appellant made numerous allegations as to why said lien was ineffective. It was incumbent upon her to prove the facts upon which she relied. This she did not do.

The judgment of the trial court will be, in all things, affirmed.

Affirmed.