### McDOUGALD v. FIRST NAT. BANK OF BEAUMONT.

No. 4745.

Court of Civil Appeals of Texas. Beaumont.

April 12, 1951.

Rehearing Denied May 9, 1951.

Lefler, Walker & Lefler, W. G. Walley, all of Beaumont, for appellant.

Strong, Moore, Strong & Nelson, Beaumont, for appellee.

R. L. MURRAY, Justice.

This is an appeal from a judgment in the district court of Jefferson County, sustaining a plea in abatement and dismissing a suit brought by the appellant, J. R. McDougald, trustee, against the appellee, The First National Bank of Beaumont. The plea in abatement of the bank was verified and specifically says "that plaintiff is not entitled to recover in the capacity in which he sues." No evidence was introduced by either party on the hearing of said plea in abatement. We note that in the briefs of both parties it is stated unequivocally that no evidence was introduced by either party. Although the trial court filed findings of fact, such findings are ignored in the briefs of both parties, except that appellant states that they are not supported by any evidence. The controversy here is aptly stated in the appellee's one counter-point, which is as follows:

"The trial court properly sustained the plea in abatement, because:

"(1) Defendant having filed a sworn plea in abatement specifically denying that plaintiff is entitled 'to recover in the capacity in which he sues,' the burden was on plaintiff in the hearing of said plea in abatement in the trial court to establish by competent evidence that he had the right to recover in such capacity.

"(2) Since plaintiff is seeking to maintain this suit in the capacity of trustee, and his right to recover in such capacity having been specifically denied by said plea in abatement, the burden was on plaintiff at the hearing of said plea in abatement in the trial court to establish by competent evidence that he had the right to recover in such capacity."

The petition of the appellant to which the appellee's plea in abatement was sustained is as follows:

"Plaintiff's First Amended Original Petition No. 63654

"J. R. McDougald, Trustee

vs.

The First National Bank of Beaumont,

In the District Court of Jefferson County, Texas

"To the Honorable Judge of Said Court:

"Now comes J. R. McDougald, in his capacity as Trustee as is hereinafter more particularly described, Plaintiff, and, more than seven days prior to the setting of this cause for trial, files this, his first amended Original Petition in the above styled and numbered cause, complaining of the First National Bank of Beaumont, of Beaumont, Jefferson County, Texas, and for cause of action would respectfully show unto the Court.

"1.

"Plaintiff resides in Jefferson County, Texas. Defendant is a national banking corporation, duly incorporated under the laws of the United States and has its principal place of business in Beaumont, Jefferson County, Texas.

"2.

"On or about, and for many years prior to the 15th day of June, 1950, one Eunice Cherry Travis, a married woman whose disabilities of coverture had theretofore been removed for business and trading purposes, conducted and operated a mercantile business and establishment under the business and trade name of Eunice Cherry's Town and Country Shop in the City of Beaumont, Jefferson County, Texas, but for several months prior to the 15th day of June, 1950, the said Eunice Cherry Travis was unable to personally actively manage said mercantile enterprise because of the adverse state of her health, and on or about said date, to-wit, June 15, 1950, the said Eunice Cherry Travis became unable

to further conduct said business and enterprise and pay off numerous creditors among whom were and are the McMullen Company, of New York City, New York, Sport Craft, Inc., a corporation, of New York City, New York, Vera Maxwell, Inc., corporation of New York City, New York, Sportex *Apperel,* a corporation, Elfreda Corporation, a corporation doing business in New York City, New York, from the cash assets of said business or enterprise, and accordingly on or about said date, to-wit, June 15, 1950, the said Eunice Cherry Travis, did by parol assign, transfer and deliver all of the business and enterprise operated by her, as aforesaid, as the Eunice Town & Country Shop, together with all merchandise, accounts, fixtures, and other assets, to Plaintiff herein, as Trustee for the use and benefit of all of the creditors of the said Eunice Cherry Travis, doing business as aforesaid under such trade name, for the purpose of liquidating said business or enterprise and the assets thereof, and paying over to all of said creditors all of the money derived therefrom, after paying necessary expenses incurred thereby, each to the extent of the proportion his or its debt should bear to the total indebtedness owing by the said Eunice Cherry Travis; and it was specifically agreed that said parol assignment and transfer should be reduced to writing when time should allow the same to be done.

"3.

"Pursuant to said parol transfer, assignment and delivery of said business and enterprise and the assets thereof by the said Eunice Cherry Travis to this Plaintiff, as Trustee, for the uses, benefits and purposes aforesaid, on or about the 15th day of June, 1950, this Plaintiff as Trustee, went to the banking house of Defendant in Jefferson County, Texas, informed one B. N. Kiker of Defendant's officers of the existence and nature of said assignment and transfer, and the said B. N. Kiker, acting on behalf of Defendant, opened a checking account between Plaintiff, as Trustee, and Defendant, designating said account, on the books of Defendant, the account of 'J. R. McDougald, Trustee',

and, on the same date, to-wit, on or about June 15, 1950, Plaintiff deposited with Defendant to the credit of Plaintiff, as Trustee, the sum of One Thousand Two Hundred Twenty-three and 59/100 ($1223.59) Dollars, which said deposit and divers other deposits thereafter made by this Plaintiff, as Trustee, was and were accepted by defendant with full knowledge of the nature and character of this Plaintiff in making the same.

"4.

"Thereafter, to-wit, on or about the 21st day of June, 1950, this Plaintiff was requested by one Thomas B. Turner, Jr., one of the officers or employees of Defendant, who was then and there acting within the scope of his authority and employment by Defendant, to come to the banking house of Defendant in the City of Beaumont, Jefferson County, Texas, for the purpose of again explaining to the officers or employees of Defendant the nature of the trust being exercised by this Plaintiff and at said time and in said place this Plaintiff reiterated the nature and character of said trust and the purposes, uses and beneficiaries thereof; and thereafter Defendant continued to accept deposits of money and checks from this Plaintiff for deposit to said account of J. R. McDougald, Trustee, and paid checks drawn by this Plaintiff, as Trustee, against said account.

"5.

"On or about the 22nd day of June, 1950, in accordance with the previous agreement and understanding between the said Eunice Cherry Travis, as aforesaid, said parol assignment, transfer and delivery of said business and enterprise was reduced to writing and duly executed by the said Eunice Cherry Travis, a copy of which is attached hereto and marked Exhibit 'A'.

"6.

"On or about the 26th day of June, 1950, Defendant, acting by and through its officers, agents and employees, one of whom was one O. Eugene Davis, without any notice to this Plaintiff, and without his knowledge and consent, but with full notice and knowledge on the part of the said officers, agents and employees of the nature

and character of the trust relationship existing between this Plaintiff and the creditors of the said Eunice Cherry Travis, wrongfully withdrew from said account with Defendant designated 'J. R. McDougald, Trustee', the sum of Two Thousand Five Hundred Eleven and $^{66}/_{100}$ ($2511.66) Dollars, and appropriated same to its own use.

"7.

"Although often requested so to do by this Plaintiff, Defendant has failed and refused, and still fails and refuses to deliver over to this Plaintiff said sum of Two Thousand Five Hundred Eleven and $^{66}/_{100}$ ($2511.66) Dollars, together with interest thereon from the 26th day of June, 1950, at the rate of six percent (6%).

"Wherefore, premises considered, Plaintiff prays that upon final hearing that he have judgment against the Defendant for the sum of Two Thousand Five Hundred Eleven and $^{66}/_{100}$ ($2511.66) Dollars and interest at the rate of six (6) per cent per annum from and after the 26th day of June, 1950, together with costs, and for such other and further relief, general and special, legal and equitable, to which Plaintiff may show himself justly entitled.

"Lefler, Walker & Walley
"226 Bowie Building
"Beaumont, Texas

"W. G. Walley
"Of Counsel
"Attorneys for Plaintiff
"Exhibit 'A'

"The State of Texas ⎤ Know All Men
"County of Jefferson ⎦ by These Presents:

"That I, Eunice Cherry Travis, a feme sole, for business and trading purposes, being the sole owner of that certain business located at 388 Pearl Street in the City of Beaumont, Jefferson County, Texas, for and in consideration of the sum of One ($1.00) Dollar, cash, in hand to me paid by J. R. McDougald (Trustee, for the purposes hereinafter set forth) have bargained, sold, transferred, assigned and conveyed unto the said J. R. McDougald, Trustee, for the purposes and under the terms, limitations and conditions hereinafter set forth, all that certain business heretofore known as the Eunice Cherry's Town & Country Shop, conducted and located at 388 Pearl Street in the City of Beaumont, Jefferson County, Texas, together with all personal property used in or pertaining to said business, all leases and rights thereunder, all supplies, stock, equipment, accounts, securities, contracts, good will and accessories, monies, furniture, furnishings and fixtures belonging to or pertaining to said business, funds on deposit in any and all banks, trust companies or any other firms or corporation, whether standing in the name of the said business or in the name of the said Eunice Cherry Travis or any other person whomsoever, but owned by the said Eunice Cherry Travis and belonging to said business; and I do expressly further assign to the said J. R. McDougald, Trustee, all accounts receivable owing to said businesss by any person whomsoever and grant unto him full authority to collect the same and receipt therefor.

"The above and foregoing sale, assignment and transfer of said business, properties, accounts hereinabove set forth is made to the said J. R. McDougald, Trustee, for the following purposes, and with the following powers and duties and with the following limitations, terms and conditions, to-wit:

"1. To take full possession of said business and all of the hereinabove described properties thereof and to have and to hold the same for a term of one year from the date hereof, with full power to manage, control, sell, mortgage, assign, transfer the same or any portion thereof, and any of the assets thereof as fully as though he were the absolute owner thereof;

"2. To establish a bank account or bank accounts in his own name, as trustee, and to deposit therein any and all proceeds from the operation of said business, including sales of merchandise, furniture or fixtures, and the collection of accounts receivable, and to draw checks thereon for the purposes of paying current operating expenses so long as said business shall continue to be operated by said trustee or until the end of said trust term, if in the dis-

cretion of said trustee, said business shall be operated for so long;

"3. To hold said funds so deposited, in said bank account over and above said current operating expenses expended by said trustee as provided for hereinabove, for the use and benefit of all of the creditors of the said Eunice Cherry Travis doing business as Eunice Cherry's Town & Country Shop; and he is hereby empowered to pay from said account or accounts from time to time, as to him shall be deemed advisable, or a pro-rata basis, said creditors, until all indebtedness of said business shall have been fully paid.

"4. Upon the payment of all indebtedness owing by the said Eunice Cherry Travis, doing business as Eunice Cherry's Town & Country Shop, or at the expiration of the term of this trust, to redeliver to the said Eunice Cherry Travis such of said business, or the assets thereof, as shall remain in the hands, possession and control of said trustee.

"In witness whereof, I have hereunto set my hand this 22nd day of June, 1950.

"/s/ Eunice Cherry Travis"

(Acknowledgment.)

All of the authorities cited by the appellee in support of its one counter-point are to the effect that in order for plaintiff to maintain an action in court he must show that he has an interest in the subject matter involved, either in his own right or in a representative capacity. It quotes from and relies upon State v. Farmers' Loan & Trust Co., 81 Tex. 530, 17 S.W. 60; Yett v. Cook, 115 Tex. 205, 281 S.W. 837; Munzesheimer v. Leopold, Tex.Civ.App., 163 S.W. 2d 663 and other cases to the same effect. Undoubtedly this is the elementary rule in a trial upon the merits of the case.

It is well settled, however, that the opposite is true upon a hearing upon a special dilatory plea such as the plea in abatement in this case. A plea in abatement ordinarily is a special plea set up by the defendant, pointing out to the court that it is unnecessary for the court to hear all the facts and arguments in the case because, no matter what such other facts

may show, plaintiff is still not entitled to recover because of certain matters set forth in the plea in abatement. In this case such matter pleaded was that the plaintiff was not entitled to recover in the capacity in which he sued. When the defendant presented such plea in abatement to the court the burden of proof was upon it to sustain by competent evidence the allegations made therein. Quoting from the opinion in Schaff v. Nash, Tex.Civ. App., 193 S.W. 469, 470, "The mere filing of a plea in abatement, without sustaining the allegations made by competent testimony, is tantamount to a waiver of the plea." It was essential to offer proof in support of the plea, even though it was verified, and this was not done. This required that the plea be overruled. Railroad Commission v. Shell Oil Company, Inc., Tex. Civ.App., 164 S.W.2d 773, writ refused. See 1 Tex.Jur. 180, 181.

The appellee cites and quotes from cases other than those mentioned above, including Boothe v. Blanchette, Tex.Civ.App., 208 S.W.2d 105; Britt v. Luce, Tex.Civ.App., 114 S.W.2d 267; Gulf, C. & S. F. Ry. Co. v. Houston, Tex.Civ.App., 45 S.W.2d 771; Spikes v. Howard, 51 Tex.Civ.App. 389, 111 S.W. 792; Dignowity v. Coleman, 77 Tex. 98, 13 S.W. 857; Callahan v. Hendrix, 79 Tex. 494, 15 S.W. 593; Dolsen v. De Ganahl, 70 Tex. 620, 8 S.W. 321; Davis v. White, Tex.Civ.App., 207 S.W. 679; Kaack v. Stanton, 51 Tex.Civ.App. 495, 112 S.W. 702. The appellee points out that the above cases hold that a plaintiff suing in a representative capacity is not required, in the absence of a plea challenging his right to recover in such capacity, to introduce evidence showing that he has such right. It argues that "it necessarily follows from such holding that where the defendant files a sworn plea in abatement challenging the right of plaintiff to recover in the capacity in which he sues that plaintiff is required on the hearing of such plea to introduce evidence showing that he has the right to recover in such capacity." We do not agree with this argument. If such a sworn pleading is filed as a special answer, it places the burden upon the plaintiff on a trial on the merits of the case to show his

right and authority to maintain suit in the capacity in which he sues. But a plea in abatement denying plaintiff's right to recover in the capacity in which he sues is still a plea in abatement, and the defendant, or party filing such plea, must assume the burden of substantiating it by proper and competent evidence. In the present case, when the plea in abatement was presented by the appellee and no testimony was presented to the court thereon, each side maintaining that the burden of proof was upon the other, the only possible ground for the trial court's sustaining the plea in abatement and dismissing appellant's case would have been a finding that the petition of the appellant itself disclosed that he was without authority to recover in the capacity in which he sued. We have examined such petition (it is set out in full in this opinion above) and we do not believe that it is subject to the construction that it shows on its face that the appellant was without authority to recover in the capacity in which he sued. This phase of the case is not briefed by the appellee. The appellant cited some cases in support of his contention that a trustee holding the legal title to property can maintain a suit to recover such property. The appellee answered this contention by stating that appellant is in no position to invoke this rule for the reason that he did not offer any evidence on the hearing on the plea in abatement to prove that he was trustee or that he had any authority to prosecute this suit as trustee. It is obvious that this controversy brings us back to the starting point in this appeal, which was that the appellee declined to offer evidence in support of its plea in abatement under its argument that the burden of proof thereon was upon the appellant, the plaintiff in the trial court. We have already determined that such burden of proof was upon the appellee on the hearing of the plea in abatement. We also hold that appellant's petition does not show on its face that he is without authority to sue in the capacity in which he sues.

On this appeal we are making, of course, no determination of any of the matters which will arise upon a trial upon the merits of this case. We note in the pleadings that the appellee's plea in abatement is verified but that in its answer its special denial that the appellant had the right or authority to maintain the suit is not verified. In an effort to prevent a further controversy between these parties on the trial on the merits, it is suggested that in order for the appellee to avail itself on the trial on the merits of the rule contended for by it here, said special denial of plaintiff's authority to maintain this suit should be verified.

 The authorities are satisfactory that when a party presents a plea in abatement without supporting it by evidence he waives that plea. We believe the appellee waived its plea in abatement by declining to make proof thereunder. The judgment of the trial court sustaining such plea in abatement and dismissing appellant's cause is reversed and judgment is rendered overruling said plea in abatement.

Reversed and rendered.