**B. U. McQUEEN et al., Appellants,**

**v.**

**H. G. BURKHART et ux., Appellees.**

**No. 10392.**

Court of Civil Appeals of Texas.

Austin.

May 2, 1956.

Paul Petty, Ballinger, for appellants.

Jack Moore, Ballinger, for appellees.

HUGHES, Justice.

Mr. and Mrs. H. G. Burkhart, appellees, sued Mr. and Mrs. B. U. McQueen and Mr. and Mrs. R. M. McFarland alleging that a portion of Third Street, a public street in the City of Ballinger, had been and was then being obstructed by defendants by maintaining a fence across a major portion of such street.

Appellees further alleged that they owned property adjacent to and abutting Third Street and the obstruction of such street by defendants interfered with their right of free and unobstructed use of such street and caused their property to diminish in value. $5,000 in damages and injunctive relief were sought.

The nature of defendants' answer need not be specially noted.

A jury trial resulted in a verdict finding appellees were not damaged by reason of appellants' (defendants)

"* * * failing to remove the fence from Third Street of the West End Addition to the Town of Ballinger adjacent to plaintiffs' (appellees') property * * *."

The court, in rendering judgment recited that "the only issues of fact to be determined by the jury were in reference to damages" and upon the jury verdict decreed that appellees recover no damages. As to the injunctive phase of the case, however, the court ordered, adjudged and decreed:

"* * * B. U. McQueen, and wife, Nora McQueen, and R. M. McFarland and wife, Maggie McFarland, shall immediately remove the fence now located in that portion of Third Street lying between Blocks Nos. 53

and 54 and 70 and 71 of the West End Addition to the town of Ballinger, Runnels County, Texas, so that all such street shall be henceforth unobstructed to its full width of sixty feet; and the said defendants are hereby perpetually enjoined from, and they shall desist from, maintaining such fence, or any other obstruction, in such street."

No statement of facts has been brought up but

"At the request of the parties and in order to shorten the record of appeal herein, the (trial) court hereby makes the following finding of fact:

"The Court hereby finds that all parties in the above styled and numbered cause agreed on the trial thereof, and that the undisputed evidence adduced upon such trial showed, that the fence in controversy herein was placed *it* its present location and position more than fifteen years before the filing and institution of this suit and it was erected and placed in its said present position and location by persons other than the defendants herein or any of the defendants herein; and that said fence has remained continuously in its said present position and location for more than fifteen years before the institution of this suit and it is still where it was originally located."

■ We sustain appellants' first point which is to the effect that the court erred in granting injunctive relief for the reason that the jury having found that appellees were not damaged by the street obstruction they were not entitled to any relief.

■ The applicable law was well stated by Judge Key for this Court in Ingram v. Turner, 59 Tex.Civ.App. 7, 125 S.W. 327, 329, writ refused, as follows:

"While it is true that an individual citizen, in a proper case, may obtain equitable relief for the abatement of a public nuisance, yet in order to do so he must show a substantial and special injury to him, different from that to the public generally. Therefore, while an obstruction in a public road or street may constitute a public nuisance, for the abatement of which the government may maintain an equitable action, it does not follow that an individual citizen can obtain such relief merely by proof of the existence of such nuisance. He must go further and prove that it causes special and material injury to some property right of his."

Other authorities announcing the same and what appears to be a unanimously accepted rule are Whitis v. Penry, Tex.Civ. App. Eastland, 41 S.W.2d 736, and Sigel v. Buccaneer Hotel Co., Tex.Civ.App. Galveston, 40 S.W.2d 168, writ refused.

■ Appellees' only answer to the point and authorities under consideration is that while the jury found that they had not suffered any "previous damages" we must, in order to support the judgment, presume, in the absence of a statement of facts, that there was evidence in the record that they would suffer damages "in the future."

We are intrigued but not impressed by this argument.

The trial court found in his judgment that the only issues of fact were with reference to damages and we presume that he submitted the only issues raised by the evidence on this subject.

If the evidence had conclusively shown future damages we presume that the trial court would have entered judgment accordingly. Since he did not we presume, in support of the judgment, that future damages were not conclusively shown.

Our curiosity is provoked by the special fact finding of the court that appellants had nothing to do with the erection of the fence in controversy. Just why, then, they should be required to remove this fence, located in a public street, is beyond our imagination.

Our conclusion is that the trial court erred in awarding appellees any relief.

The judgment of the trial court insofar as it granted appellees any relief is reversed and judgment is here rendered denying such relief, otherwise the trial court's judgment is affirmed.

Affirmed in part, in part reversed and rendered.