Don R. BLYTHE, Appellant,

v.

CITY OF GRAHAM et al., Appellees.

No. 16028.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 18, 1959.

Rehearing Denied Oct. 16, 1959.

Tom M. Miller, Graham, for appellant.

Rodgers & Stephens and T. J. Rodgers, Graham, for appellee City of Graham.

Lattimore & Lattimore, Fort Worth, for appellees Harry Newton, Inc., and Newton-Burkett, Inc

RENFRO, Justice.

The appellant, as plaintiff, brought suit against the City of Graham and certain named individual citizens in which he prayed for a mandatory injunction, which, if granted, would require the removal of the eleven residences from Block 15, Airport Addition to the City of Graham, for alleged violation of building restrictions.

The instant suit was filed August 2, 1957. Prior to that date all eleven houses had been completed and sold to various named private citizens.

■ The appellant had an adequate remedy at law for damages, if any damages he sustained, but in this suit he did not choose to sue for damages. A prior suit by plaintiff against some of the instant defendants for damages was dismissed. Blythe v. City of Graham, Tex.Civ.App., 303 S.W.2d 881.

■ Appellant in this action sought equitable relief. From the evidence it appears that balancing the equities between the parties preponderates in favor of the appellees. Under such circumstances mandatory injunctions are usually denied. The trial court did not err in refusing to grant the mandatory injunction. 24-A Tex.Jur., p. 102, sec. 58; Burrow v. Davis, Tex.Civ. App., 226 S.W.2d 199; General Tire & Rubber Co. v. Texas Pacific Coal & Oil Co., Tex.Civ.App., 102 S.W.2d 1086.

Judgment affirmed.