Howard HATFIELD, Appellant,

v.

CITY OF PORT ARTHUR, Texas et al., Appellees.

No. 8434.

Court of Civil Appeals of Texas, Beaumont.

April 17, 1980.

Rehearing Denied May 15, 1980.

Gerald Eddins, Walter Umphrey, Port Arthur, for appellant.

George Piazza, Earl Black, Port Arthur, for appellees.

KEITH, Justice.

Plaintiff below appeals from an order of dismissal entered after the trial court sustained defendants' pleas in abatement.

Plaintiff owns lots in the City of Port Arthur adjoining a strip of land 35 by 172 feet dedicated as an easement "for the use and benefit of the public, to be used for a side walk community center and parking place." This strip is located between certain numbered lots and a street to the west thereof, Ninth Avenue. The McInnis Company and Memorial Service Company own lots abutting such easement to the east thereof.[1]

Plaintiff alleged that Memorial had displayed tombstones on the easement area and that McInnis had constructed a building which encroached upon the easement. He sought a mandatory injunction to require McInnis and Memorial to remove their encroachments from the easement and a writ of mandamus "commanding and directing [City] to forthwith proceed with the removal and abatement of the aforesaid unlawful encroachments and obstructions and requiring [City] to keep said property and sidewalks free from said obstructions or any similar obstructions."

The defendants filed pleas in abatement and certain special pleas in bar. The pleas in abatement challenged plaintiff's standing and right to proceed because of his failure to allege substantial and special injury to him different from the public generally. Extensive pretrial depositions were admit-

---

1. Memorial Service Company, having settled its dispute with plaintiff, was severed from the suit by the entry of an order disposing of that controversy and is not before us on this appeal.

ted into evidence and accompany this record in original form.

■ The use of a "plea in abatement" to dispose finally of litigation is not to be encouraged. In *Owens-Illinois, Inc. v. Little Cypress-Mauriceville Independent School District*, 481 S.W.2d 477, 480 (Tex. Civ.App.—Beaumont 1972, no writ), we had occasion to discuss the question in the light of two authoritative decisions of our Supreme Court,[2] and see no reason to repeat the discussion here.

The two defendants, City and McInnis, do not occupy identical positions. Under the cases cited hereinafter, we are of the opinion that the trial court did not err in sustaining City's plea in abatement. However, we are of the opinion that it was error to sustain such plea presented by McInnis. Consequently, we will discuss the appeal as it relates to the City and then discuss the appeal insofar as it relates to McInnis.

Plaintiff testified on his pretrial deposition, which was before the court at the time the ruling on the plea was made:

"I am not so worried about that thirty-five feet [easement] you are talking about. It belongs to the people of this city and private companies have been using it, and I would like to have it opened up where they can see my store. I have spent a lot of money.

\* \* \* \* \* \*

"When you get right down to the meat of the thing, sir, as the lawyer for the City, it belongs to the City and the people, and we are fighting for the people. I own a little of it, and if you own property in town, you own a little of it, and everyone around this table owns a little of it."

Plaintiff did testify, also, that if all of the encroachments on the easement were removed, persons in cars traveling south on Ninth Avenue would have a better view of his store than with the encroachments in place. He refused, on advice of his counsel, to estimate any monetary damage caused thereby, contenting himself with the general language used in the direct quotations above.

It was also shown by deposition testimony received by the court that the McInnis building did, in fact, encroach several feet upon the easement; that the building had been constructed in the early 1940s, probably thirty years before plaintiff purchased his property; that when plaintiff complained to the City Council about the encroachment, the Council considered the matter fully and declined to authorize the institution of litigation to force the removal of the building encroaching on the easement.

Several well-recognized rules of law govern our disposition of this appeal as to City. The first concerns the availability of a plea in abatement to obtain a finding of lack of standing to pursue the litigation. In *McDougald v. First National Bank of Beaumont*, 239 S.W.2d 145, 149 (Tex.Civ.App.— Beaumont 1951, writ ref'd n. r. e.), this Court said:

"A plea in abatement ordinarily is a special plea set up by the defendant, pointing out to the court that it is unnecessary for the court to hear all the facts and arguments in the case because, no matter what such other facts may show, plaintiff is still not entitled to recover because of certain matters set forth in the plea in abatement. In this case such matter pleaded was that the plaintiff was not entitled to recover in the capacity in which he sued."

*McDougald* was reversed because the plaintiff did not sustain its burden of proving the fact which it alleged, such being the burden of the party urging the plea in abatement.

Here, as noted above, City affirmatively showed by plaintiff's own testimony his lack of special injury or damage, a subject to which we now turn.

As early as 1888, Judge Gaines in speaking for a unanimous Supreme Court in *City of San Antonio v. Stumburg*, 70 Tex. 366, 7 S.W. 754, 755 (1888), used this language:

**2.** We relied upon *Texas Highway Department v. Jarrell*, 418 S.W.2d 486, 488 (Tex.1967), and

*Kelley v. Bluff Creek Oil Co.*, 158 Tex. 180, 309 S.W.2d 208, 214–215 (1958).

"We think it a principle established by the overwhelming weight of authority in the courts of all countries subject to the common law that no action lies to restrain an interference with a mere public right, at the suit of an individual who has not suffered or is not threatened with some damage peculiar to himself. As applied to public nuisances the doctrine is elementary. 2 Cooley, Bl. 219. For a special damage resulting from the invasion of a right enjoyed by a party in common with the public, the law affords him a remedy by private action, but if the damages he suffers are only such as are common to all, the action must be brought by the lawfully constituted guardian or guardians of the public interest."[3]

■ The rule is still viable. See *Holland v. Taylor*, 153 Tex. 433, 270 S.W.2d 219, 221 (1954); *American Nazi Party v. Zindler*, 561 S.W.2d 247, 248 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n. r. e.).

The decision in *McQueen v. Burkhart*, 290 S.W.2d 577, 579 (Tex.Civ.App.—Austin 1956, no writ), is directly in point. There, a private citizen was denied an injunction to compel the removal of a fence in a public street, the court noting that in the absence of a showing of a substantial and special injury to him, the private citizen may not obtain the abatement of the nuisance in his own suit.

Our plaintiff did not seek any damages from the individual defendants nor any relief except the mandatory injunction to require the removal of the encroachments.[4] In *Osborne v. Keith*, 142 Tex. 262, 177 S.W.2d 198, 201 (1944), the Court held that whether or not a suit should be instituted to protect public right is within the discretion confided to the public officials and a taxpaying citizen cannot institute such a suit.

■ Moreover, it must always be remembered that mandamus is an extraordinary writ and is not issued as a matter of right, but rests largely in the sound discretion of the court, and the writ will not be granted unless the petition shows that the applicant has a clear right to the writ. *Callahan v. Giles*, 137 Tex. 571, 155 S.W.2d 793, 795 (1941). See also *6 Texas Practice, Remedies § 372, at 349–350 (2d ed. Lowe 1973)*, and cases therein cited.

It was shown without contradiction that the McInnis building had been erected with a portion thereof encroaching on the easement more than thirty years before the institution of this suit. It was also shown that the City had exercised its discretion in refusing to file the suit to demolish the McInnis building.

In *Blythe v. City of Graham*, 327 S.W.2d 800 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n. r. e.), the trial court denied a mandatory injunction which would have required the demolition of eleven residences because of alleged violations of building restrictions. The denial was upheld on the doctrine of balancing of the equities, the court observing: "Under such circumstances mandatory injunctions are usually denied." See also, *Davis v. Carothers*, 335 S.W.2d 631, 642 (Tex.Civ.App.—Waco 1960, no writ).

■ We have given careful consideration to the cases cited by the plaintiff in support of his contention but find none which requires a reversal of the judgment of the court below as to the City. Plaintiff studiously avoided pleading a special or substantial injury to him not suffered by the public generally; and, in his own testimony, disproved such an injury.

Defendant City discharged its burden of establishing its right to have the case dismissed under the rationale of *McDougald v. First National Bank*, supra. The judgment of the trial court as to the City of Port Arthur is AFFIRMED.

3. Mr. Stumburg lost his lawsuit and the state courts in Bexar County still occupy a building which is on land originally a part of the military plaza involved in that suit.

4. See and cf. *Rogers v. Scaling*, 298 S.W.2d 877 (Tex.Civ.App.—Fort Worth 1957, writ ref'd n. r. e.).

Turning now to the appeal insofar as it relates to McInnis, the order sustaining the plea in abatement and dismissing the suit was error. If that defendant desired more specific pleadings on the subject, could have been obtained by the filing of special exceptions. *McCamey v. Kinnear*, 484 S.W.2d 150, 152 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.). In this instance, the deficiency in the pleadings did not authorize the dismissal of the case without an opportunity being afforded to amend. *Brown v. Gulf Coast Machine & Supply Co.*, 551 S.W.2d 397, 399 (Tex.Civ.App.—Beaumont 1977, writ ref'd n. r. e.), and authorities therein cited.

McInnis had pleas in bar but a plea in abatement is not the proper vehicle to bring such pleas to the attention of the trial court. *Kelley v. Bluff Creek Oil Co.*, supra, 309 S.W.2d at 214; *Bryce v. Corpus Christi Area Convention & Tourist Bureau*, 569 S.W.2d 496, 499 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.).

It is not proper nor is it appropriate for us to outline the procedure to be followed by the litigants upon remand of the cause. It is sufficient to state at this time that the trial court erred in sustaining the plea in abatement of McInnis and dismissing the cause. *Gordy v. Alexander*, 550 S.W.2d 146, 149 (Tex.Civ.App.—Amarillo 1977, writ ref'd n. r. e.).

We now sever plaintiff's cause of action against City of Port Arthur from that asserted against McInnis. The judgment of the trial court as to the City is affirmed; the judgment in the severed cause of action against McInnis is now reversed and the cause is remanded to the trial court for disposition. Costs in all courts are assessed one-half against plaintiff and one-half against McInnis. *Tex.R.Civ.P. 448.*

AFFIRMED in part and in part REVERSED and REMANDED.