**M & M CONSTRUCTION COMPANY, INC., Appellant,**

v.

**GREAT AMERICAN INSURANCE COMPANY and City of Corpus Christi, Appellee.**

No. 13–87–120–CV.

Court of Appeals of Texas, Corpus Christi.

March 24, 1988.

Glynn A. Pugh, Corpus Christie, for appellant.

Carol Estes Bray, Timothy P. Dowling, Corpus Christie, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

### OPINION

NYE, Chief Justice.

This is an appeal from an order dismissing appellant's suit with prejudice.

In February 1986, appellant, M & M Construction Company, Inc. (M & M), filed suit against appellees, Great American Insurance Company (Great American) and the City of Corpus Christi (City). Thereafter, M & M failed to pay its Texas franchise tax. As a result, its corporate charter was forfeited by the Secretary of State in July 1986. Great American and City responded by filing a joint motion to dismiss alleging that M & M's suit was barred by Tex.Tax Code Ann. § 171.252 (Vernon 1982). This statute prohibits a corporation whose privileges have been forfeited for nonpayment of franchise taxes from suing in the courts of this State. Appellees attached a certified copy of the forfeiture of M & M's charter to their motion.

■ A challenge to a plaintiff's legal capacity to sue is properly raised by a verified plea in abatement and not by a motion to dismiss. *Bluebonnet Farms, Inc. v. Gibraltar Savings Association,* 618 S.W.2d 81, 83 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.); Tex.R.Civ.P. 93(1). Since the substance of appellee's motion challenged appellant's capacity to sue, the motion is in essence a plea in abatement. We attach no controlling effect to the styling of appellee's pleading, and we treat appellee's joint motion to dismiss as a plea in abatement.

■ The name by which a motion is designated does not determine its nature. Rather, it is the substance of the motion and the effect which it will have that determines its character. *Texas Highway Department v. Jarrell,* 418 S.W.2d 486, 488 (Tex.1967); *Bryce v. Corpus Christi Area Convention & Tourist Bureau,* 569 S.W. 2d 496, 498 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); Tex.R.Civ.P. 71.

■ A plea in abatement is a dilatory plea which does not defeat the pending action but merely postpones the enforcement of a right alleged in the petition. Such a plea should not only show the grounds upon which the suit was improperly brought but must also set forth the information necessary to guide the plaintiff to a correct procedure if the defect is one which can be cured. *Atkinson v. Reid,* 625 S.W.2d 64, 67 (Tex.App.—San Antonio 1981, no writ); *Bluebonnet Farms, Inc.,* 618 S.W.2d at 83; *Bryce,* 569 S.W.2d at 499.

■ This court had occasion to consider the effect of sustaining a plea in abatement in *Bryce v. Corpus Christi Area Convention & Tourist Bureau,* 569 S.W.2d 496 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). There, we noted that when a plea in abatement is sustained, the suit should not be dismissed until the plaintiff has been given a reasonable opportunity to amend, if it is possible to do so, and thereby remove the obstacle which defeated the suit initially filed. Even if the case is dismissed, it is revived upon the removal of the obstacle which prevented its further prosecution in the first instance. *See also Texas Highway Department,* 418 S.W.2d at 488; *Atkinson,* 625 S.W.2d at 66.

We now look to see whether appellant, if it had been given a reasonable opportunity to amend, would have been able to remove the obstacle which defeated the suit initially filed.

■ Appellees correctly cite Tex.Tax Code Ann. § 171.252 as prohibiting a corporation whose charter has been forfeited for nonpayment of franchise taxes from suing in the courts of this State. The purpose of this statute, however, is to encourage corporations to pay their taxes and not to prohibit a corporate cause of action. *Bluebonnet Farms, Inc.,* 618 S.W.2d at 85; *see also Rushing v. International Aviation*

*Underwriters,* 604 S.W.2d 239, 242 (Tex. Civ.App.—Dallas 1980, writ ref'd n.r.e.).

A corporation whose charter has been forfeited may obtain reinstatement of its charter and corporate privileges by paying its delinquent taxes together with any penalties and interest thereon. Tex.Tax Code Ann. §§ 171.312–315 (Vernon 1982). Once a corporation pays its taxes, the reinstatement of its charter will relate back and revive whatever rights the corporation had at the time the suit was filed. *Bluebonnet Farms, Inc.,* 618 S.W.2d at 85.

While the corporation's charter is forfeited, it retains the legal title to its assets, but the beneficial title to the corporation's assets passes to the stockholders. The stockholders may then prosecute or defend such actions in the courts as may be necessary to protect their property rights. *Dunagan v. Bushey,* 152 Tex. 630, 263 S.W.2d 148, 152 (1953); *Humble Oil & Refining Co. v. Blankenburg,* 149 Tex. 498, 235 S.W.2d 891, 894 (1951); *Bluebonnet Farms, Inc.,* 618 S.W.2d at 84; *Regal Construction Co. v. Hansel,* 596 S.W.2d 150, 153 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.).

In the instant case, appellant complains by two points of error that the trial court should have allowed the litigation to continue by substituting the corporation's stockholders as the plaintiffs. The substitution of the corporation's stockholders as plaintiffs is a possible remedy to appellant's lack of capacity to sue. Consequently, the trial court should have allowed appellant a reasonable opportunity to amend its pleadings to cure its lack of capacity by either paying its delinquent franchise taxes or by bringing suit in the shareholders' names before dismissing the cause with prejudice. By dismissing appellant's suit with prejudice, the trial court effectively forever barred appellant from having its suit heard on the merits. The use of a "plea in abatement" to dispose finally of litigation is not to be encouraged. *Hatfield v. City of Port Arthur,* 598 S.W.2d 669, 671 (Tex.Civ.App.—Beaumont 1980, no writ). In the event that appellant refuses or is unable to cure its lack of capacity to sue, a dismissal would then be appropriate.

Next, we address appellees' complaints that appellant has failed to preserve anything for appellate review since the statement of facts of the hearing on appellees' plea in abatement is not included in the appellate record. The record does include the transcript. Instead of a proper statement of facts, however, appellant has attached to its appellate brief an affidavit from one of appellant's stockholders. The affiant attested to the events occurring at the hearing. Such an affidavit is not a substitute for the statement of facts. The question and answer form of the statement of facts as reproduced from the words spoken by court, counsel, and witnesses unblemished by human interpretations constitutes a proper statement of facts. *Wright v. Wright,* 699 S.W.2d 620, 622 (Tex.App.—San Antonio 1985, no writ). Such a statement of facts is required when the complaint on appeal is that the evidence is insufficient or conclusive. *Tidelands Life Insurance Co. v. Harris,* 675 S.W.2d 224, 226 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). Without a statement of facts, appellate courts are limited generally to complaints involving errors of law, erroneous pleadings or rulings thereon, an erroneous charge, irreconcilable conflicts of jury findings, summary judgments and fundamental error. *American Mutual Liability Insurance Co. v. Guerrero,* 678 S.W.2d 264, 265 (Tex.App.—Corpus Christi 1984, no writ).

Since appellant's complaints involve erroneous pleadings and rulings thereon, the absence of the statement of facts is not fatal to its appeal.

The judgment of the trial court is REVERSED and the cause is REMANDED.