BELL BAR CONSTRUCTION
COMPANY, Appellant,

v.

TEXAS BANK OF WEATHERFORD,
Texas, Appellee.

No. 2-88-096-CV.

Court of Appeals of Texas,
Fort Worth.

Nov. 23, 1988.

Ball, Landrith, Kulesz & Hubble, G. Craig Hubble, Arlington, for appellant.

Jerry D. O'Neal, Weatherford, for appellee.

Before FENDER, C.J., and KELTNER and LATTIMORE, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Bell Bar Construction Company (Bell Bar), was the counter-plaintiff be-low. Appellee, Texas Bank of Weatherford, Texas (Bank), who was counter-defendant, moved to dismiss the counterclaim on the basis the corporation lacked corporate status. The trial judge granted the motion and dismissed the counterclaim. Bell Bar appeals and asks us to reverse and remand for a new trial.

We reverse the dismissal of the counterclaim and remand it for a new trial.

On December 7, 1983, the Bank sued Bell Bar over the default of several notes. Bell Bar timely answered and later filed a counterclaim alleging wrongful foreclosure. Trial by jury was had in February 1988. On February 2, 1988, after the jury had heard the evidence but before closing arguments were made, Bank filed a "Motion to Dismiss." Bank alleged Bell Bar no longer had the right to sue or defend lawsuits since it had failed to pay its franchise taxes. *See* TEX.TAX CODE ANN.sec. 171.-252 (Vernon 1982). The trial judge granted the motion, and in the judgment dismissed the counterclaim.

Appellant brings several points of error. Our holding in the case means we only need to discuss two. The first is whether the motion was properly verified. The second is whether the trial court erred in granting a dismissal instead of an abatement. The remaining, undiscussed points deal with alleged procedural errors in filing the motion and with the overruling of appellant's motion for a new trial.

Appellant argues that the verification of the motion to dismiss is defective in that it relies on "belief and knowledge" instead of direct affirmations of fact that would subject the affiant to perjury if untrue. *See Burke v. Satterfield*, 525 S.W.2d 950, 955 (Tex.1975). We find appellant has waived its right to complain of this. While appellant did object generally to the lack of a verified pleading, this does not point out to the trial court with specificity the defect complained of. *See* TEX.R.CIV.P. 90. Appellant's point of error number one is overruled.

In its reply brief, appellant contends that it was improper for the trial court to

dismiss the counterclaim, after the suspension of Bell Bar's corporate existence was discovered. Instead, appellant argues, the trial judge should have abated the case and given Bell Bar a reasonable opportunity to pay its franchise taxes and regain its corporate privileges. *See M & M Const. Co. v. Great American Ins.*, 747 S.W.2d 552 (Tex. App.—Corpus Christi 1988, no writ). We agree.

In *M & M Construction,* the Corpus Christi court was faced with a similar situation. The court found that even though a motion may be styled as a motion to dismiss, it is in fact a plea in abatement since a challenge against a plaintiff's legal capacity to sue is properly presented by a plea in abatement. *Id.* at 554. Since it is a plea in abatement, the plaintiff ought to be given a reasonable opportunity to amend. *Id.* The court found that an order of dismissal denied this and that the trial court should have allowed the plaintiff to amend its pleadings by either paying the back franchise taxes or by allowing the suit to be brought in the name of the shareholders. *Id.* at 554–55.

We find the reasoning and decision of our sister court to be correct and adopt it in this case. The Bank's motion, therefore, should be construed as a plea in abatement. The trial court should have granted a reasonable opportunity to remedy the defect in Bell Bar's corporate status. We hold that dismissal of the counterclaim without such an opportunity was reversible error. Appellant's second point of error is sustained.

The judgment of the trial court dismissing the counterclaim is reversed, and the counterclaim only is reinstated for a new trial or such other proceedings as are not inconsistent with this opinion.