Shea.1 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-90-267-CV




CENTURY 21/ELMER WHITE COMPANY,



 APPELLANT


vs.





WILLIAM SHEA,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 417,627, HONORABLE CARL C. ANDERSON, JUDGE PRESIDING


 




 In this appeal we are asked to review an order of dismissal rendered by the trial
court. We will reverse the order and remand the cause.



BACKGROUND



 Century 21/Elmer White Company ("Century 21") sued William Shea to collect
on a note. On the morning of trial, Shea moved to dismiss the cause, alleging that the true
plaintiff was "Century 21/Elmer White, Inc.," and not "Century 21/Elmer White Company." 
Shea filed his verified motion to dismiss moments before the cause was called for trial and
attached a certificate from the Secretary of State's office indicating that "Elmer White, Inc." had
forfeited its corporate charter for failure to pay its franchise taxes. This documentation was not
admitted into evidence.


 After discussing this last minute development with both parties on December 12,
1989, the trial court concluded that a plea in abatement was the appropriate procedure by which
to challenge the plaintiff's capacity to sue. Century 21 and Shea both agreed with the court's
decision to treat the motion to dismiss as a plea in abatement and the court entered its order
finding that the plaintiff's corporate charter had been forfeited and that the plaintiff should be
given a reasonable time to cure the forfeiture. The court abated the proceedings and announced
that it would dismiss the cause without prejudice if Century 21 did not cure the forfeiture within
forty-five days.

 On the forty-sixth day, the trial court rendered an order dismissing the suit without
prejudice. In four points of error, Century 21 complains that the original motion was untimely
and that the evidence was legally and factually insufficient to support the court's order. Because
we sustain on an evidentiary point, we do not address the question of the motion's timeliness.



DISCUSSION



 Before reviewing the sufficiency of the evidence to support the order dismissing
Century 21's suit, we review the procedural steps taken below. Certainly the trial court was
correct to treat Shea's motion to dismiss as a plea in abatement. A challenge to a party's legal
capacity to sue is properly presented by a plea in abatement and not by a motion to dismiss. M &
M Constr. Co. v. Great Am. Ins., 747 S.W.2d 552, 554 (Tex. App. 1988, no writ) (citing
Bluebonnet Farms V. Gibraltar Sav. Ass'n., 618 S.W.2d 81, 83 (Tex. Civ. App. 1980, writ ref'd
n.r.e.)). The name by which a motion is designated does not determine its character. Bryce v.
Corpus Christi Area, Etc., 569 S.W.2d 496, 498 (Tex. App. 1978, writ ref'd n.r.e). The court
below correctly determined that a corporation whose charter has been forfeited is prohibited from
suing in the courts of this state, Tex. Tax Code Ann. § 171.252 (1982), and properly afforded the
plaintiff an opportunity to reinstate its charter and regain its corporate privileges. See M & M
Constr., 747 S.W.2d at 555. 

 In its third point of error, Century 21 asserts that no legally sufficient evidence is
present in the record to support the trial court's granting of Shea's motion. We agree. The record
lacks any evidence supporting the order granting the plea in abatement and the subsequent order
of dismissal. A plea in abatement is a dilatory plea. 

 

 Evidence must be heard in order to determine most dilatory pleas,
since one may properly be sustained without supporting proof only
when the court can see from the plaintiff's pleading that it is well
taken. The burden is upon the defendant to establish by a
preponderance of the evidence the fact propositions which
demonstrate that the asserted ground exists at the time of the hearing.



3 Roy W. McDonald, Texas Civil Practice, § 10.13, at 10 (Frank W. Elliot ed., rev. ed. 1983). 
Our review of the record reveals no authenticated documentation that Elmer White, Inc. had
forfeited its corporate charter in 1987. The unauthenticated certificate attached to the motion was
not introduced into evidence. Further, there is no evidence in the record to show that the plaintiff
"Century 21/Elmer White Company" was doing business as "Elmer White, Inc." 

 The docket sheet accompanying the transcript does not indicate that the trial court
held a hearing after the plea in abatement was granted and before the court rendered its order of
dismissal. The trial court dismissed Century 21's suit without any showing that the named
plaintiff lacked the capacity to sue. We sustain Century 21's third point of error.


CONCLUSION



 The order of dismissal is reversed and the cause remanded for further proceedings.


 Bea Ann Smith, Justice

[Before Justices Powers, Jones, and B.A. Smith]

Reversed and Remanded

Filed: November 13, 1991

[Do Not Publish]