NUMBER 13-99-731-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________

WESTERN RIDERS LEASING, INC. , Appellant,


v.


NUECES COUNTY WATER CONTROL

AND IMPROVEMENT DISTRICT NO. 4 , Appellee.

__________________________________________________________________


On appeal from the 94th District Court

of Nueces County, Texas.

__________________________________________________________________


MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Justice Rodriguez


By two issues, appellant, Western Riders Leasing, Inc., appeals the trial court's granting of a summary judgment in favor of
appellee, Nueces County Water Control and Improvement District No. 4, and the denial of its plea in abatement. We
affirm.

As this is a memorandum opinion not designated for publication and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.1.

By its first point of error, appellant contends the trial court erred in overruling its plea in abatement. An objection to the
right or capacity to sue should be raised by a plea in abatement. See M & M Constr. Co. v. Great Amer. Ins., Co., 747
S.W.2d 552, 554 (Tex. App.--Corpus Christi, 1988, no writ). We review the trial court's action in granting or denying a
plea in abatement using an abuse of discretion standard. See Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245, 248 (Tex.
1988).

Appellee is a water control and improvement district and a political subdivision of the State established pursuant to article
XVI, section 59 of the Texas Constitution, and as such, is a governmental agency of the State. See Tex. Const. art. XVI, §
59(a); Tex. Water Code Ann. § 16.001(7) (Vernon 2000) ("political subdivision" includes any district created under article
XVI, section 59 of the Texas Constitution); see also Harris County Water Control & Improvement Dist. No. 58 v. City of
Houston, 357 S.W.2d 789, 795 (Tex. Civ. App.--Houston [1st Dist. 1962, writ ref'd, n.r.e.) (agencies thus created are
political subdivisions of the State and while acting within authority conferred are carrying on governmental functions). 
Appellee's purpose is the conservation and development of the State's water resources. See Tex. Const. art. XVI, § 59(a). 
Appellee has such powers as the Legislature grants by statute. See id.

Appellant contends the Texas Natural Resources Code controls appellee's actions in this instance. The Texas Natural
Resources Code concerns law relating to the public domain including territory, specifically vacant and unappropriated
lands; boundaries of the State; special State funds, specifically school and asylum funds; submerged lands; and the
regulation of the public domain, specifically its minerals and timber. See Tex. Nat. Res. Code Ann. §§ 11.001-11.083
(Vernon 2001). Section 11.077, upon which appellant relies, provides "[i]f any public land is held, occupied, or claimed
adversely to the state . . . by any person . . . , the attorney general shall file suit for the land. . . ." Id. Appellant argues that
because the attorney general is mandated by statute to file suits for the recovery of public lands, appellee lacks the capacity
to sue.

In response, appellee asserts that the Texas Water Code, not the natural resources code, controls and provides the basis for
its right to sue. Appellee argues that the land at issue in this case was not held or claimed adversely to the State. Appellee
contends that the land at issue is not land described in chapter 11 of the natural resources code and, therefore, is not subject
to section 11.077 of the natural resources code. We agree.

Section 49.211 of the Texas Water Code authorizes appellee, a water control and improvement district, to acquire, own and
maintain real property necessary to accomplish the purposes of appellee's creation or the purposes authorized by the Texas
Water Code or any other law. See Tex. Water Code Ann. § 49.057 (Vernon 2000). Further, appellee may employ or
contract with such persons, firms, partnerships, corporations or other entities deemed necessary by its board to conduct the
affairs of appellee, including but not limited to attorneys. See id. Moreover, the water code authorizes appellee to sue and
be sued. See id. at § 49.066.

In this case, with regard to appellee's right to sue, the land was taken adverse to the specific rights of the water control and
improvement district that are set out in the water code. See id. at § 49.057. Pursuant to the water code, appellee was
authorized to hire an attorney to sue appellant to protect those rights. See id. at §§ 49.057 & 49.066. Because we conclude
the water code applies under the facts of this case, we conclude the trial court did not abuse its discretion in overruling
appellant's plea in abatement. Appellant's first point of error is overruled.

By its second point of error, appellant contends the trial court erred in granting appellee's summary judgment because fact
issues exist regarding whether the land at issue was public land and whether it was dedicated to public use. Appellant
contends that the property was vacant and unused by appellee since 1987, and that it adversely possessed a portion of that
property by using it in an open, continuous, hostile and notorious manner for at least ten years.

Appellee filed a motion for summary judgment or, in the alternative, a motion for "no-evidence" summary judgment. A
movant seeking summary judgment on traditional grounds must establish that no genuine issue of material fact exists to be
entitled to judgment as a matter of law, whereas, the movant in a "no-evidence" summary judgment need only state the
elements for which there is no evidence, and no evidence need be attached. See Tex. R. Civ. P. 166a(c) & 166a(i); Murray
v. Dyke, No. 13-99-533-CV, 2001 Tex. App. LEXIS 1412, at *3-4 (Tex. App.--Corpus Christi Mar. 1, 2001, no pet.). 
Because both motions were presented to the trial court, we must first determine whether the court granted appellee's
summary judgment on traditional grounds or "no-evidence" grounds, the determination of which will necessarily effect our
review of this case. 

Appellee's motion presented both the traditional summary judgment and the no-evidence summary judgment in the same
document. Appellee attached evidence to the motion that would be appropriate for a traditional motion, but not a
"no-evidence" motion. The court's judgment granted appellee's motion concluding no material fact issue existed as to the
ownership of the real property and appellee was entitled to judgment against appellant as a matter of law. Based on our
review of the record, we conclude the court granted the summary judgment on traditional grounds. See Murray, 2001 Tex.
App. LEXIS 1412, at *3, 7 n.3 (court must determine whether summary judgment granted on traditional or no-evidence
grounds because that determination effects review of case). We will review the trial court's granting of the motion de novo. 
See Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Texas Commerce Bank Rio Grande Valley v. Correa, 28
S.W.3d 723, 726 (Tex. App.--Corpus Christi 2000, pet. denied).

In reviewing a traditional motion for summary judgment, the movant must demonstrate (1) that there exists no genuine
issue of material fact regarding an essential element of the plaintiff's case, and (2) that judgment should be granted as a
matter of law. See Tex. R. Civ. P. 166a(c); Amer. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Nixon v. Mr.
Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). We must presume all evidence favorable to the non-movants to be
true, and indulge all reasonable inferences and resolve any doubts in their favor. See Nixon, 690 S.W.2d at 548-49.

Adverse possession is "an actual and visible appropriation of real property, commenced and continued under a claim or
right that is inconsistent with and is hostile to the claim of another person." See Tex. Civ. Prac. & Rem. Code Ann. §
16.021 (Vernon 1986). Under the ten-year limitation statute upon which appellant relies, the claimant must hold the real
property in adverse possession and use it for ten or more continuous years. See id. at § 16.026. However, "a person may
not acquire through adverse possession any right or title to real property dedicated to public use." See id. at § 16.030(b).

Appellant contends that appellee did not prove that the lands at issue were public lands. However, the summary judgment
evidence establishes that the land at issue belonged to appellee. Appellant, himself, acknowledges that the land was deeded
to appellee. Moreover, appellee is a governmental agency and a political body organized and existing pursuant to article
XVI, section 59 of the Texas Constitution. SeeTex. Const. art. XVI, § 59. The Texas Legislature, in adopting the
provisions of chapter 49 of the Texas Water Code, mandated that "[a]ll courts shall take judicial notice of the creation of
the district and of its boundaries." Tex. Water Code Ann. § 49.066(a) (Vernon 2000). Appellee's summary judgment
evidence establishes that the property at issue belonged to the water district and was conveyed expressly "for ground water
storage, pumping and related purposes in connection with provision of fresh water supply to portions of Mustang Island." 
We conclude, therefore, the record establishes that the land at issue was public land.

Appellant also contends a fact issue remains regarding whether there was an express or implied dedication of the land for
public use. The constitution sets out that "[t]he conservation and development of all of the natural resources of this State,
including the control, storing, preservation and distribution of . . . [fresh] waters . . . for all other useful purposes . . . are . . .
declared public rights and duties. . . ." Tex. Const. art. XVI, § 59(a). Further, the Texas Supreme Court has recognized that
an owner's intent to dedicate can be expressly delineated or implied. See Viscardi v. Pajestka, 576 S.W.2d 16, 19 (Tex.
1978) (citations omitted). The summary judgment evidence establishes that when this land was conveyed to appellee, it
was to be used solely for ground water storage, pumping and related purposes in connection with provision of fresh water
to surrounding land. The grantor's intent to dedicate the land for public use was clearly expressed in the deed.

Appellee established as a matter of law that it is a political subdivision of the State created to conserve and develop all of
the natural resources of the State and that the preservation and conservation of the natural resources of the State is a public
right. Appellee further established that it owned the land at issue, land set apart for a public use. As such, appellant cannot
acquire through adverse possession any right or title to the land at issue in this case. Accordingly, no genuine issues of
material fact exist and the trial court did not err in granting appellee's summary judgment. Appellant's second point of error
is overruled.

The judgment of the trial court is affirmed.



NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 31st day of May, 2001.