GRAYWEST V. NEELY

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-197-CV

GRAYWEST, LLC APPELLANT

V.

THOMAS J. NEELY AND

JOHNNIE NEELY APPELLEES

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Graywest, LLC filed suit against Thomas J. and Johnnie Neely, appellees, seeking enforcement of a real estate contract.  The trial court granted appellees’ motion to abate and dismissed the case with prejudice, holding that appellant did not have capacity to sue because its corporate existence had been forfeited beyond the thirty-six-month grace period set forth under articles 7.01 and 7.12 of the Texas Business Corporation Act (“TBCA”).  We affirm.

I. 
 
Factual and Procedural History

Ralph Gray, who allegedly maintained an interest in Graywest, LLC, and Thomas Neely entered into a contract for the sale of Neely’s homestead in June 2005.  On July 28, 2005, Gray assigned his rights in the contract to appellant, allegedly a Texas limited liability corporation in which appellant had an interest.  When appellees attempted to avoid the contract, appellant filed suit against them on September 26, 2005.  Appellees responded by filing a motion to abate, arguing that appellant had forfeited its corporate status by not paying franchise taxes, that appellant was not in existence at the time of the assignment or filing of the suit, and that appellant was therefore unable to bring the claim. Appellees also included an alternate request for dismissal.

Appellant asserts in its brief that it had allegedly completed the steps necessary to revive its Texas charter and had allegedly been reinstated as a Texas limited liability corporation in January 2006.  However, appellant offered no evidence to prove this in its pleadings or at the February 9, 2006 abatement hearing.  At the abatement hearing, appellant’s attorney claimed that he should have brought suit in a Nevada-based corporation’s name, which was also Graywest, LLC, and that he wanted an abatement so he could get a certificate of authority for the Nevada limited liability corporation to do business in Texas. However, the trial court pointed out that appellant still had to name the Nevada limited liability corporation as a new party because the current petition only named the Texas limited liability corporation.  At this point, appellant attempted to show that the Texas-based Graywest, LLC (which was the party named on the petition) was revived and that Ralph Gray was also a proper party to this suit.  Appellant, however, never amended his petition to include Gray.  Both parties ultimately conceded that appellant had been a Texas limited liability corporation that was involuntarily dissolved on March 23, 2001, for failing to pay it’s franchise taxes, and that appellant’s claims against appellees arose directly out of the contract that Gray, individually, entered into with appellees.   Appellees, in their original answer, also conceded that Ralph Gray, individually, would have been a proper party to the suit.  After hearing arguments from both parties, the trial court determined that appellant, the Texas limited liability corporation, lacked capacity to sue because its charter had not been revived within the thirty-six-month window allowed by article 7.01, section E of the TBCA, and that this defect was incurable.
(footnote: 2)  Consequently, the trial court sustained appellees’ motion to abate and dismissed the case with prejudice, concluding that appellant was not an existing Texas entity and that no other proper assignee was before the court.  

Appellant filed a motion for new trial and a motion for judgment nunc pro tunc, which the trial court denied.  This appeal followed.   

II. Issues Presented

In its first, second, and fourth issues, appellant asserts that the trial court abused its discretion by not allowing it an opportunity to cure pleading defects, by denying it’s motion for new trial, and by dismissing the case with prejudice.  In its third issue, appellant also complains that appellees failed to provide fair notice to appellant of their intent to seek a prejudicial dismissal. 

III.  Appellant’s First and Second Issues

In its first two issues, appellant asserts that the trial court abused its discretion by not allowing it to cure pleading defects before granting appellees’ motion to abate and by denying its motion for new trial.

A.  Standard of Review

We review a trial court’s decision to deny a party leave to amend its pleadings for an abuse of discretion. 
 Hardin v. Hardin,
 597 S.W.2d 347, 350-51 (Tex. 1980);
 Ginsburg v. Chernoff/Silver & Assocs.
, 137 S.W.3d 231, 238 (Tex. App.—Houston [1st Dist.] 2004, no pet.). 
 Further, to determine whether a trial court abused its discretion by denying a motion for new trial, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable.  
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).  The trial court’s discretionary ruling should be reversed only if it is based on an erroneous view of the law or a clearly erroneous assessment of the evidence.  
Tarrant County v. Chancey
, 942 S.W.2d 151, 154 (Tex. App.—Fort Worth 1997, no writ).

B.  Discussion

Article 7.01 of the TBCA provides that the Secretary of State may involuntarily dissolve a corporation when that corporation fails to pay any fees, franchise taxes, or penalties prescribed by law.  
Tex. Bus. Corp. Act
 
A
nn.
 art. 7.01, § B(1).  Any corporation dissolved under article 7.01 may be reinstated by the Secretary of State at any time within a period of thirty-six months from the date of dissolution upon approval of an application for reinstatement. 
 Id
. art. 7.01, § E.

Article 7.12 of the TBCA provides, in relevant part,  

A.  A dissolved corporation shall continue its corporate existence for a period of three years from the date of dissolution, for the following purposes:

(1) prosecuting . . . in its corporate name any action or proceeding by . . . the dissolved corporation; 

. . . . 

(3) holding title to . . . any properties or assets that . . . are collected by the dissolved corporation after dissolution, . . . and

. . . . 

(4) settling any other affairs not completed before dissolution.  

However, a dissolved corporation may not continue its corporate existence for the purpose of continuing the business or affairs for which the dissolved corporation was organized.  

Id.
 art. 7.12, § A.  

Involuntarily dissolved corporations include those dissolved by the Texas Secretary of State for failure to pay franchise taxes.  
Landrum v. Thunderbird Speedway, Inc
., 97 S.W.3d 756, 758 (Tex. App.—Dallas 2003, no pet.); 
see also
 
Tex. Bus. Corp. Act 
A
nn
. art. 
7.01, § B(1). 

Here, it is undisputed that appellant was involuntarily dissolved on March 23, 2001, by the Texas Secretary of State for failing to pay franchise taxes.  Based on articles 7.01 and 7.12, appellant’s authority to file suit or hold an interest in a contract for the sale of real estate expired thirty-six months from the date of appellant’s involuntary dissolution.  
See 
Tex. Bus. Corp. Act
 A
nn
. arts. 7.01, 7.12.  Therefore, any assignments to appellant after that thirty-six-month deadline (i.e., after March 22, 2004) were invalid because it would have been impossible for appellant, an expired corporation, to acquire the rights to a real estate contract by assignment from Gray.  
See Id.
 art. 7.12, § A(3).  Gray allegedly assigned his interest in the real estate contract on July 18, 2005, fifty-one months after appellant was dissolved, and not within the thirty-six-month period, so the assignment was invalid, and appellant was not an appropriate party to the suit.  
See Emmett Props., Inc. v. Halliburton Energy Servs., Inc.
, 167 S.W.3d 365, 370 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding that plaintiff corporation was not proper party to initiate lawsuit three years after it  dissolved); 
Landrum
, 97 S.W.3d at 758 (holding that dissolved corporation could not be sued because claim did not arise at any time during corporation’s existence). 

In its brief, appellant asserts that the trial court abused its discretion by dismissing the case and by not allowing appellant to cure the pleading defect by adding
 
Gray as a party.  Appellees do not specifically address this assertion but instead counter by arguing that appellant would have been unable to successfully cure the pleading defects because appellant did not exist as a corporation when the assignment was made.
  Even though appellees agreed in their original answer that appellant could have cured the pleading defect by adding Gray as a party, appellant never amended its petition nor presented this argument to the trial court at the February 9, 2006 abatement hearing.
(footnote: 3) Moreover, appellant’s attorney, at the abatement hearing, stated at one point, “I really don’t have a ground to stand on” regarding whether the case should be dismissed because appellant lacked the capacity to contract.  Appellant’s attorney also agreed with the trial court’s statement that the suit could be refiled with the proper plaintiff’s name.
(footnote: 4)  
Therefore, because appellant brought its litigation in a capacity that did not exist, sought to recover based only in that capacity, did not amend its petition to name a proper party at or before the abatement hearing, and agreed with the trial court that a proper party could refile the petition, appellant gave the trial court no choice but to dismiss the case.  
See Barcroft v. County of Fannin
, 118 S.W.3d 922, 927 (Tex. App.—Texarkana 2003, pet. denied).  We conclude and hold that the trial court did not abuse its discretion in dismissing the lawsuit based on lack of capacity.  Accordingly, we overrule appellant’s first issue.  

Appellant provides no additional reasons beyond those stated in its first issue to support its claim that the trial court abused its discretion by denying the motion for new trial.  Accordingly, for the same reasons we overruled appellant’s first issue, we overrule its second issue.  

IV.  Appellant’s Third and Fourth Issues

We address appellant’s fourth issue next because it is potentially dispositive of the third issue.  In his fourth issue, appellant asserts that the trial court should have dismissed the case without prejudice. 

If a verified plea in abatement is filed, the filing party should seek a hearing on the plea.  
See War-Pak, Inc. v. Rice,
 604 S.W.2d 498, 503 (Tex. Civ. App.—Waco 1980, writ ref’d n.r.e.).
  If the plea is overruled, then the matter has been preserved for appellate review. 
 See id.
  If the plea is sustained, however, “the trial court should abate the case and give the plaintiff a reasonable time to cure any defect.” 
 Austin Nursing Ctr., Inc. v. Lovato,
 171 S.W.3d 845, 853 n.7 (Tex. 2005).
  If a pleading defect cannot be cured by amendment, or if the plaintiff fails to cure the defect, dismissal may be with prejudice.  
See, e.g., Joseph E. Seagram & Sons, Inc. v. McGuire
, 814 S.W.2d 385, 386 (Tex. 1991); 
Decker v. Dunbar
, 200 S.W.3d 807, 812 (Tex. App.—Texarkana 2006, pet. filed); 
M & M Constr. Co. v. Great Am. Ins. Co.,
 747 S.W.2d 552, 555 (Tex. App.—Corpus Christi 1988, no writ).

In this case, appellant complains that the trial court should have allowed the litigation to continue by substituting Gray, individually, as the plaintiff.  
We agree with both appellant and appellees that appellant could have amended its petition to name Gray as the plaintiff. 
 Although appellant did not, at the abatement hearing, acknowledge that Gray would have been a proper party, oddly enough, appellees did in their original answer.  
This substitution was a possible remedy to appellant’s lack of capacity to sue.
(footnote: 5)  

Assuming that Gray would have been a proper party, appellant should have requested a reasonable amount of time to amend the pleadings.  
See M & M Constr. Co.,
 747 S.W.2d at 555.  Instead, at the abatement hearing, appellant’s attorney told the trial court that he did not “have a ground to stand on” regarding whether the case should be dismissed based on appellant’s incapacity.  Appellant’s attorney also agreed with the trial court’s statement that the suit could be refiled with the proper plaintiff’s name.  
Through these comments, appellant essentially told the trial court that either remedy was fine.  In such a situation, dismissal with prejudice is proper.
(footnote: 6)  
See id.  
Accordingly, we overrule appellant’s fourth 
issue.

In its third issue, appellant asserts that appellees did not provide fair notice of their intent to seek a prejudicial dismissal.  On the contrary, appellees’ motion to abate requested that the trial court “abate this suit until the Plaintiff cures the defects complained of herein, or in the alternative, where such defects . . . cannot be cured, cause this action to be dismissed.”  Because dismissal with prejudice is proper when a party refuses to cure a pleading defect, appellees provided appellant with notice of a potentially prejudicial dismissal by filing their motion to abate.  
See id.  
Accordingly, we overrule appellant’s third issue.  

V.  Conclusion

Having overruled appellant’s four issues, we affirm the trial court’s order dismissing the case with prejudice.        

        TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: March 1, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Article 7.01, section E of the TBCA provides that any corporation dissolved by the Secretary of State may be reinstated at any time within a period of thirty-six months from the date of dissolution upon approval of an application for reinstatement.  
See 
Tex. Bus. Corp. Act
 A
nn.
 art. 7.01, § B(1), D, E (Vernon 2003).  

3:
In their original answer, appellees argued that “the only proper party Plaintiff would be Ralph Gray, who has not been joined as a party to this suit.” 

4:
Under the doctrine of invited error, a party cannot invite error and later complain that the trial court ruled in accordance with his request.  
See McInnes v. Yamaha Motor Corp., U.S.A.
, 673 S.W.2d 185, 188 (Tex. 1984).  

5:
It is unclear
 from the evidence presented in the pleadings what rights Gray retained in the real estate contract.  Because both parties conceded that Gray was a proper plaintiff, we can assume, based on these concessions, that he maintained some interest or rights in the contract.  
See Sedgwick v. Kirby Lumber Co.,
 130 Tex. 163, 107 S.W.2d 358, 359-60 (1937) 
(holding that 
counsel’s statement in open court could be used to interpret the litigant’s stance in petition); 
Sepulveda v. Krishnan,
 839 S.W.2d 132, 135 (Tex. App.—Corpus Christi 1992) (attorney’s statements in court could be judicial admission), 
aff'd,
 916 S.W.2d 478 (Tex. 1995); 
Carroll Instrument Co. v. B.W.B. Controls, Inc.,
 677 S.W.2d 654, 659 (Tex. App.—Houston [1st Dist.] 1984, no writ) (party was bound by attorney statement during argument to court).

6:
While dismissal with prejudice was proper for appellant, Gray, individually, may still be able to bring suit.