NUMBER 13-06-699-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


REBECCA PENA SOLIS, Appellant,


v.



INTERNATIONAL BANK OF

COMMERCE, Appellee.

 


On appeal from the County Court at Law No. 5 


of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Vela


Memorandum Opinion by Justice Yañez
 

 Through one issue, appellant, Rebecca Pena Solis, argues that the trial court erred
in dismissing with prejudice her claims against International Bank of Commerce ("IBC"). 
We affirm.

I. Background

 On October 2, 2003, IBC brought suit against Solis after she allegedly defaulted on
the payment of a note. Solis denied IBC's allegations and brought counterclaims against
IBC. On October 16, 2004, the trial court granted IBC's plea in abatement, ordering Solis
to arbitrate her claims against IBC before the American Arbitration Association ("AAA"). 
On April 19, 2006, the trial court, upon finding that neither party had initiated arbitration
proceedings with the AAA, ordered the following:

 [I]n order to preserve the claims and/or causes of action set forth in this
cause, arbitration proceedings must be initiated by filing a Demand for
Arbitration with the American Arbitration Association, within 60 days of the
date of this Order. In the event that neither party initiates such proceedings
within said time period, this cause will be dismissed with prejudice.


On September 18, 2006, the trial court entered an order in which the court (1) found that
no filing had been made with the AAA within the 60 days allotted by the April 19 order, and
(2) ordered IBC's and Solis's claims dismissed with prejudice. Solis then filed a motion for
new trial, arguing that the abatement prevented the trial court from dismissing her claims,
and, in the alternative, that the trial court should amend its order so it dismisses her claims
"without prejudice." The motion for new trial was denied. This appeal then ensued. (1)

II. Applicable Law

 "An abatement is a present suspension of all proceedings in a suit." (2) In that context,
"suspend" means "to interrupt; to cause to cease for a time; to postpone; to stay, delay, or
hinder; to discontinue temporarily, but with an expectation or purpose of resumption." (3) 
Generally, an abatement is sought to challenge the plaintiff's pleadings by asserting that
facts outside the pleadings prevent the suit from going forward in its present condition. (4) 
By granting an abatement, the trial court gives the plaintiff an opportunity to cure the
defect. (5) Once granted, an abatement precludes the trial court and the parties from going
forward on a case until the defect or obstacle is removed. (6)

III. Discussion

 Solis raises the following argument on appeal: "The abatement prevents both the
court and the parties from taking action in the case. The trial court, in entering the order
of dismissal of September 18, 2006, took an action that the abatement had suspended. 
The order is invalid." We disagree.

 In 3V, Inc. v. JTS Enterprises, the Houston Fourteenth Court of Appeals observed
the following:

 [I]t is well established that Texas trial courts have wide discretion in
managing their dockets. A trial judge has a duty and obligation to maintain
control of the docket and to require parties to prosecute their suits with
diligence. In that regard, it is well-settled law that, if a trial court discovers
that the plaintiff had failed to correct a defect or impediment to suit after an
abatement has been granted, the trial court may properly dismiss the
plaintiff's case. (7)


In the instant case, it was inherent within the trial court's order that the arbitration would be
completed within a reasonable time; (8) it is folly to believe that the trial court intended the
abatement to be infinite in duration. The trial court gave Solis approximately twenty
months to initiate arbitration proceedings before finally dismissing her case. During that
time, Solis elected to continue making filings in the trial court, rather than initiate filings with
the AAA. (9) When the trial court made clear its intent to dismiss with prejudice Solis's claims
if arbitration proceedings were not initiated within 60 days, Solis still made no filing with the
AAA. In light of these facts, we find that the trial court did not abuse it discretion in
dismissing Solis's claims. (10)

 In a two-sentence argument, Solis states the following: "Any dismissal of a case
under abatement is without prejudice. The dismissal order of September 18, 2006 is
invalid as a dismissal with prejudice." (11) Solis thus appears to argue that, even if the trial
court could dismiss her claims, the law steadfastly barred the court from dismissing with
prejudice. To support her position, Solis only cites this Court's opinion in M & M
Construction Company v. Great American Insurance Company. (12) In that case, M & M
appealed after its claims were dismissed with prejudice. (13) We held that the trial court erred
in dismissing because the court did not afford M & M a reasonable opportunity to amend
its pleadings to cure its lack of capacity to sue. (14) We noted, however, that "[i]n the event
that [M & M] refuses or is unable to cure its lack of capacity to sue, a dismissal would then
be appropriate." (15) Accordingly, M & M negates Solis's contention that a trial court is forever
barred from dismissing with prejudice a case that is under abatement. Confined to the very
limited argument raised by Solis on appeal, we find she has failed to articulate any
acceptable basis as to why the trial court abused its discretion in dismissing her claims with
prejudice. (16) We thus overrule Solis's sole issue on appeal.

IV. Conclusion

 We affirm the trial court's judgment.





 
 LINDA REYNA YAÑEZ,

 Justice






Memorandum Opinion delivered and filed 

this the 22nd day of January, 2009.

1. IBC does not appeal the dismissal of its claims.
2. Permanente Med. Ass'n of Tex. v. Johnson, 917 S.W.2d 515, 517 (Tex. App.-Waco 1996, orig.
proceeding).
3. Black's Law Dictionary 1446 (6th ed. 1979).
4. See Tex. Highway Dep't v. Jarrell, 418 S.W.2d 486, 488 (Tex. 1967); Martin v. Dosohs I, Ltd., 2
S.W.3d 350, 354 (Tex. App.-San Antonio 1999, no pet.).
5. See Martin, 2 S.W.3d at 354.
6. See Am. Online, Inc. v. Williams, 958 S.W.2d 268, 272 (Tex. App.-Houston [14th Dist.] 1997, no
pet.); see also In re Kimball Hill Homes Tex., Inc., 969 S.W.2d 522, 527 (Tex. App.-Houston [14th Dist.] 1998,
orig. proceeding).
7. 40 S.W.3d 533, 539-40 (Tex. App.-Houston [14th Dist.] 2000, no pet.) (citations and internal
quotations omitted). A trial court can also properly dismiss a plaintiff's claims for failure to comply with its
orders pursuant to section 21.001(a) of the Texas Government Code. Tex. Gov't Code Ann. § 21.001(a)
(Vernon 2004) ("A court has all powers necessary for the exercise of its jurisdiction and the enforcement of
its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction.");
see Sherman v. Triton Energy Corp., 124 S.W.3d 272, 279-80 (Tex. App.-Dallas 2003, pet. denied) (finding
that section 21.001(a) provided the trial court with a legal basis to dismiss a party's claims due to the party's
failure to follow a court order).
8. See 3V, Inc., 40 S.W.3d at 540.
9. The trial court's April 19 order reveals that Solis filed a motion for partial summary judgment with
the trial court during the abatement period. Solis's motion was denied because it was not properly before the
court.
10. See Roberts v. Padre Island Brewing Co., 28 S.W.3d 618, 620 (Tex. App.-Corpus Christi 2000,
pet. denied) ("The standard of appellate review of a dismissal is to inquire whether the trial court abused its
discretion.").
11. (Citation omitted).
12. 747 S.W.2d 552 (Tex. App.-Corpus Christi 1988, no writ).
13. Id. at 554.
14. Id. at 555.
15. Id.
16. Solis does not explain how, given the specific facts of this case, the trial court abused its discretion
in dismissing with prejudice.