Twana Lois LANDRUM, Ronald Wayne Landrum, Teddy Landrum, Randy Mike Landrum, and Eddie Lee Landrum, Appellants,

v.

THUNDERBIRD SPEEDWAY, INC., Appellee.

No. 05–02–00458–CV.

Court of Appeals of Texas, Dallas.

Jan. 22, 2003.

Anjel Kerrigan Avant, Kondos & Kondos Law Office, Richardson, for appellants.

Gerald B. Lotzer, Robert Fugate, Scott Huber, Fanning, Harper & Martinson, P.C., Dallas, for appellee.

Before Chief Justice THOMAS [1] and Justices BRIDGES and FITZGERALD.

## OPINION

Opinion by Justice BRIDGES.

Twana Lois Landrum, Ronald Wayne Landrum, Teddy Landrum, Randy Mike Landrum, and Eddie Lee Landrum (collectively, the Landrums) appeal the trial court's summary judgment in favor of Thunderbird Speedway, Inc. In two issues, the Landrums argue summary judgment was improper because Thunderbird's motion relied on the wrong statute, and Thunderbird's status as a lessor did not relieve it of duty toward invitees. We affirm the trial court's judgment.

On June 22, 1996, Edgar Landrum, Sr. was admitted to the pit area of Thunderbird Speedway and was killed when he was struck by a tire that had separated from a race car on the track. The Landrums sued Thunderbird, among others, alleging it was negligent and grossly negligent for failing to use appropriate precautionary measures to protect persons; failing to use adequate, suitable protective barriers; failing to follow the customary standard of care in the erection of protective barriers for persons; and creating a dangerous condition by the use of vehicles as a protective barrier.

Thunderbird filed a motion for summary judgment asserting it forfeited its status as a corporation sixteen months before the accident and did not exist at the time of the accident. In addition, Thunderbird claimed that, as lessor of the property, it owed no duty to its lessee's invitees. The trial court ultimately granted Thunderbird's motion for summary judgment on the ground that Thunderbird was a dissolved corporation not in existence at all times pertinent to the Landrums' claims. The trial court then granted Thunderbird's motion to sever, making the summary judgment final as to Thunderbird. This appeal followed.

■ In their first issue, the Landrums argue summary judgment was improper because Thunderbird's motion for summary judgment relied on the Texas Business Corporations Act concerning dissolutions of non-profit corporations, not forfeitures under the Texas Franchise Act. In making this argument, the Landrums correctly point out that Thunderbird's motion for summary judgment refers to article 1396–7.01(E) of the Texas Non–Profit Corporation Act. *See* Tex.Rev. Civ. Stat. Ann. art. 1396–7.01(E) (Vernon 1997). However, the record also contains Thunderbird's reply to the Landrum's response to Thunderbird's motion for summary judgment in which Thunderbird cites the Texas Business Corporation Act and its provisions relevant to the facts of

1. Justice Ed Kinkeade participated in the original submission of this case. Since submission, Justice Kinkeade has retired from this Court. Chief Justice Linda Thomas has reviewed the record and the briefs in this case.

this case. *See* TEX. BUS. CORP. ACT ANN. art. 7.01 § B; art. 7.12 §§ B, E, F(1) (Vernon Supp.2003). Accordingly, we address whether summary judgment was appropriate on the basis that, under the Texas Business Corporation Act, Thunderbird was a dissolved corporation not in existence at all times pertinent to the Landrums' claims.

■ The standard of review in a summary judgment case is well established. *See Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). For the defendant, as movant, to prevail on a summary judgment, it must either disprove at least one element of the plaintiff's theory of recovery or plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *See Int'l Union UAW Local 119 v. Johnson Controls, Inc.*, 813 S.W.2d 558, 563 (Tex.App.-Dallas 1991, writ denied) (op. on reh'g). In a summary judgment case, the question on appeal is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the cause of action. *See Gibbs v. Gen. Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970).

In this case, the record shows Thunderbird was incorporated on December 16, 1992. On February 14, 1995, Thunderbird forfeited its existence, and on June 22, 1996, the accident occurred which forms the basis of this suit. A "dissolved corporation" is, among other things, a corporation whose charter was forfeited pursuant to the Tax Code, unless the forfeiture has been set aside. TEX. BUS. CORP. ACT ANN. art. 7.12 § F(1) (Vernon Supp.2003). The comment to article 7.12 states:

> Article 7.12 was further amended in 1993 to add corporate termination effected under the Tax Code as dissolutions under Article 7.12. As a result, a corpo-ration whose charter is forfeited under the Tax Code is considered to be invol-untarily dissolved pursuant to Article 7.12 and the directors will have the duties and obligations provided for un-der Article 7.12 and the corporation may engage in the activities provided under that section.

TEX. BUS. CORP. ACT ANN. art. 7.12 cmt. (Vernon Supp.2003). Appellant cites several cases involving pre–1993 forfeitures of corporate charters under the Franchise Tax Act for the proposition that forfeiture under the Franchise Tax Act does not have the same effect as dissolution under the Texas Business Corporation Act and does not extinguish the corporation as a legal entity or waive liability. *See, e.g., Lighthouse Church of Cloverleaf v. Tex. Bank*, 889 S.W.2d 595, 600–01 (Tex.App.-Houston [14th Dist.] 1994, writ denied); *McGown v. Kittel*, 480 S.W.2d 47, 50 (Tex. Civ.App.-Fort Worth 1972, writ ref'd n.r.e.). However, we conclude that, under the express provisions of article 7.12, section F(1) of the Texas Business Corporations Act, the February 14, 1995 forfeiture of Thunderbird's corporate charter also resulted in Thunderbird's dissolution under the law then in effect. *See* TEX. BUS. CORP. ACT ANN. art. 7.12 § F(1) (Vernon Supp. 2003).

Under the Texas Business Corporations Act, a dissolved corporation continues its corporate existence for three years from the date of dissolution for the purposes of (1) prosecuting or defending in its corporate name any action or proceeding by or against the dissolved corporation; (2) permitting the survival of any *existing* claim by or against the dissolved corporation; and (3) holding title to or disposing of remaining corporate assets or properties. *See* TEX. BUS. CORP. ACT ANN. art. 7.12 § A (Vernon Supp.2003) (emphasis added). However, a dissolved corporation is not

liable for any claim other than an existing claim. *Id.* § C. The term "existing claim" means a claim that existed before dissolution and is not otherwise barred by limitations or a contractual obligation incurred after dissolution. *Id.* § F(3). Because the accident which forms the basis of the Landrums' claims occurred after Thunderbird's dissolution, the trial court was correct in entering summary judgment that the Landrums take nothing on their claims. *Id.* § C; *see Nixon,* 690 S.W.2d at 548–49. We overrule the Landrums' first issue. Because of our disposition of the Landrums' first issue, we need not address whether summary judgment was also appropriate on the ground that Thunderbird, as lessor of the property where the accident occurred, owed no duty to its lessee's invitees.

We affirm the trial court's judgment.