COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-197-CV

 

 

GRAYWEST, LLC                                                                 APPELLANT

 

 

                                                   V.

 

 

THOMAS J. NEELY AND

JOHNNIE NEELY                                                                   APPELLEES

 

 

                                              ------------

 

            FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Graywest, LLC filed
suit against Thomas J. and Johnnie Neely, appellees, seeking enforcement of a
real estate contract.  The trial court
granted appellees= motion to
abate and dismissed the case with prejudice, holding that appellant did not
have capacity to sue because its corporate existence had been forfeited beyond
the thirty-six-month grace period set forth under articles 7.01 and 7.12 of the
Texas Business Corporation Act (ATBCA@).  We affirm.

                              I.  Factual and Procedural History

Ralph Gray, who allegedly
maintained an interest in Graywest, LLC, and Thomas Neely entered into a
contract for the sale of Neely=s homestead in June 2005.  On
July 28, 2005, Gray assigned his rights in the contract to appellant, allegedly
a Texas limited liability corporation in which appellant had an interest.  When appellees attempted to avoid the
contract, appellant filed suit against them on September 26, 2005.  Appellees responded by filing a motion to
abate, arguing that appellant had forfeited its corporate status by not paying
franchise taxes, that appellant was not in existence at the time of the
assignment or filing of the suit, and that appellant was therefore unable to
bring the claim. Appellees also included an alternate request for dismissal.













Appellant asserts in its
brief that it had allegedly completed the steps necessary to revive its Texas
charter and had allegedly been reinstated as a Texas limited liability
corporation in January 2006.  However,
appellant offered no evidence to prove this in its pleadings or at the February
9, 2006 abatement hearing.  At the
abatement hearing, appellant=s attorney claimed that he should have brought suit in a Nevada-based
corporation=s name,
which was also Graywest, LLC, and that he wanted an abatement so he could get a
certificate of authority for the Nevada limited liability corporation to do
business in Texas. However, the trial court pointed out that appellant still
had to name the Nevada limited liability corporation as a new party because the
current petition only named the Texas limited liability corporation.  At this point, appellant attempted to show
that the Texas-based Graywest, LLC (which was the party named on the petition)
was revived and that Ralph Gray was also a proper party to this suit.  Appellant, however, never amended his
petition to include Gray.  Both parties
ultimately conceded that appellant had been a Texas limited liability
corporation that was involuntarily dissolved on March 23, 2001, for failing to
pay it=s franchise taxes, and that appellant=s claims against appellees arose directly out of the contract that
Gray, individually, entered into with appellees.          Appellees,
in their original answer, also conceded that Ralph Gray, individually, would
have been a proper party to the suit. 
After hearing arguments from both parties, the trial court determined
that appellant, the Texas limited liability corporation, lacked capacity to sue
because its charter had not been revived within the thirty-six-month window
allowed by article 7.01, section E of the TBCA, and that this defect was
incurable.[2]  Consequently, the trial court sustained
appellees= motion to
abate and dismissed the case with prejudice, concluding that appellant was not
an existing Texas entity and that no other proper assignee was before the
court.  

Appellant filed a motion for
new trial and a motion for judgment nunc pro tunc, which the trial court
denied.  This appeal followed.          

                                       II. Issues Presented

In its first, second, and
fourth issues, appellant asserts that the trial court abused its discretion by
not allowing it an opportunity to cure pleading defects, by denying it=s motion for new trial, and by dismissing the case with
prejudice.  In its third issue, appellant
also complains that appellees failed to provide fair notice to appellant of
their intent to seek a prejudicial dismissal. 

                          III. 
Appellant=s First and
Second Issues

In its first two issues,
appellant asserts that the trial court abused its discretion by not allowing it
to cure pleading defects before granting appellees= motion to abate and by denying its motion for new trial.

 








A.  Standard of Review

We review a trial
court=s decision to deny a party leave to amend its
pleadings for an abuse of discretion.  Hardin v. Hardin, 597 S.W.2d 347, 350-51
(Tex. 1980); Ginsburg v. Chernoff/Silver & Assocs., 137 S.W.3d 231,
238 (Tex. App.CHouston [1st Dist.] 2004, no pet.).  Further, to determine whether a
trial court abused its discretion by denying a motion for new trial, we must
decide whether the trial court acted without reference to any guiding rules or
principles; in other words, we must decide whether the act was arbitrary or
unreasonable.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied,
476 U.S. 1159 (1986).  The trial court=s discretionary ruling should be reversed only if it is based on an
erroneous view of the law or a clearly erroneous assessment of the
evidence.  Tarrant County v. Chancey,
942 S.W.2d 151, 154 (Tex. App.CFort Worth 1997, no writ).

B.  Discussion








Article 7.01 of the TBCA
provides that the Secretary of State may involuntarily dissolve a corporation
when that corporation fails to pay any fees, franchise taxes, or penalties
prescribed by law.  Tex. Bus. Corp. Act Ann. art. 7.01, ' B(1).  Any corporation
dissolved under article 7.01 may be reinstated by the Secretary of State at any
time within a period of thirty-six months from the date of dissolution upon
approval of an application for reinstatement.  Id. art. 7.01, ' E.

Article 7.12 of the TBCA
provides, in relevant part,  

A.  A dissolved corporation shall continue its
corporate existence for a period of three years from the date of dissolution,
for the following purposes:

 

(1) prosecuting . . . in its
corporate name any action or proceeding by . . . the dissolved corporation; 

 

. . . . 

 

(3) holding title to . . .
any properties or assets that . . . are collected by the dissolved corporation
after dissolution, . . . and

 

. . . . 

 

(4) settling any other
affairs not completed before dissolution. 


However, a dissolved
corporation may not continue its corporate existence for the purpose of
continuing the business or affairs for which the dissolved corporation was
organized.  

 

Id. art. 7.12, '
A.  

 

Involuntarily dissolved
corporations include those dissolved by the Texas Secretary of State for
failure to pay franchise taxes.  Landrum
v. Thunderbird Speedway, Inc., 97 S.W.3d 756, 758 (Tex. App.CDallas 2003, no pet.); see also Tex. Bus. Corp. Act Ann.
art. 7.01, ' B(1). 








Here, it is
undisputed that appellant was involuntarily dissolved on March 23, 2001, by the
Texas Secretary of State for failing to pay franchise taxes.  Based on articles 7.01 and 7.12, appellant=s authority to file suit or hold an interest in a contract for the
sale of real estate expired thirty-six months from the date of appellant=s involuntary dissolution.  See
Tex. Bus. Corp. Act Ann. arts. 7.01, 7.12.  Therefore, any assignments to appellant after
that thirty-six-month deadline (i.e., after March 22, 2004) were invalid
because it would have been impossible for appellant, an expired corporation, to
acquire the rights to a real estate contract by assignment from Gray.  See Id. art. 7.12, ' A(3).  Gray allegedly assigned
his interest in the real estate contract on July 18, 2005, fifty-one months
after appellant was dissolved, and not within the thirty-six-month period, so
the assignment was invalid, and appellant was not an appropriate party to the
suit.  See Emmett Props., Inc. v.
Halliburton Energy Servs., Inc., 167 S.W.3d 365, 370 (Tex. App.CHouston [14th Dist.] 2005, pet. denied) (holding that plaintiff
corporation was not proper party to initiate lawsuit three years after it  dissolved); Landrum, 97 S.W.3d at 758
(holding that dissolved corporation could not be sued because claim did not
arise at any time during corporation=s existence). 













In its
brief, appellant asserts that the trial court abused its discretion by
dismissing the case and by not allowing appellant to cure the pleading defect
by adding Gray as a party. 
Appellees do not specifically address this assertion but instead counter
by arguing that appellant would have been unable to successfully cure the
pleading defects because appellant did not exist as a corporation when the
assignment was made.  Even though
appellees agreed in their original answer that appellant could have cured the
pleading defect by adding Gray as a party, appellant never amended its petition
nor presented this argument to the trial court at the February 9, 2006 abatement
hearing.[3] Moreover,
appellant=s attorney, at the abatement hearing,
stated at one point, AI really don=t have a ground to
stand on@ regarding whether
the case should be dismissed because appellant lacked the capacity to
contract.  Appellant=s attorney also
agreed with the trial court=s statement that
the suit could be refiled with the proper plaintiff=s name.[4]  Therefore,
because appellant brought its litigation in a capacity that did not exist,
sought to recover based only in that capacity, did not amend its petition to
name a proper party at or before the abatement hearing, and agreed with the
trial court that a proper party could refile the petition, appellant gave the
trial court no choice but to dismiss the case. 
See Barcroft v. County of Fannin, 118 S.W.3d 922, 927 (Tex. App.CTexarkana 2003, pet. denied). 
We conclude and hold that the trial court did not abuse its discretion
in dismissing the lawsuit based on lack of capacity.  Accordingly, we overrule appellant=s first issue.  

Appellant
provides no additional reasons beyond those stated in its first issue to
support its claim that the trial court abused its discretion by denying the
motion for new trial.  Accordingly, for
the same reasons we overruled appellant=s first issue, we overrule its second issue.  

IV.  Appellant=s Third and Fourth Issues

We address
appellant=s fourth
issue next because it is potentially dispositive of the third issue.  In his fourth issue, appellant asserts that
the trial court should have dismissed the case without prejudice. 








If a verified plea in abatement is filed,
the filing party should seek a hearing on the plea.  See War-Pak, Inc. v. Rice, 604 S.W.2d
498, 503 (Tex. Civ. App.CWaco 1980, writ ref=d n.r.e.).  If the plea is overruled, then the matter has
been preserved for appellate review.  See id. 
If the plea is sustained, however, Athe trial court
should abate the case and give the plaintiff a reasonable time to cure any
defect.@  Austin Nursing Ctr., Inc. v. Lovato, 171
S.W.3d 845, 853 n.7 (Tex. 2005).  If a pleading defect cannot be cured by
amendment, or if the plaintiff fails to cure the defect, dismissal may be with
prejudice.  See, e.g., Joseph E.
Seagram & Sons, Inc. v. McGuire, 814 S.W.2d 385, 386 (Tex. 1991); Decker
v. Dunbar, 200 S.W.3d 807, 812 (Tex. App.CTexarkana 2006, pet. filed); M & M Constr. Co. v. Great Am. Ins.
Co.,
747 S.W.2d 552, 555 (Tex. App.CCorpus Christi
1988, no writ).

In this case, appellant complains that the
trial court should have allowed the litigation to continue by substituting
Gray, individually, as the plaintiff.  We agree with both appellant and appellees that appellant could have
amended its petition to name Gray as the plaintiff.  Although appellant did not, at the abatement
hearing, acknowledge that Gray would have been a proper party, oddly enough,
appellees did in their original answer.  This substitution
was a possible remedy to appellant=s lack of capacity
to sue.[5]  








Assuming that Gray would have been a
proper party, appellant should have requested a reasonable amount of time to
amend the pleadings.  See M & M
Constr. Co., 747 S.W.2d at 555. 
Instead, at the abatement hearing, appellant=s attorney told
the trial court that he did not Ahave a ground to
stand on@ regarding whether
the case should be dismissed based on appellant=s incapacity.  Appellant=s attorney also
agreed with the trial court=s statement that
the suit could be refiled with the proper plaintiff=s name.  Through these comments, appellant essentially
told the trial court that either remedy was fine.  In such a situation, dismissal with prejudice
is proper.[6]  See id.  Accordingly,
we overrule appellant=s fourth issue.

In its third
issue, appellant asserts that appellees did not provide fair notice of their
intent to seek a prejudicial dismissal. 
On the contrary, appellees= motion to abate requested that the trial court Aabate this suit until the Plaintiff cures the defects complained of
herein, or in the alternative, where such defects . . . cannot be cured, cause
this action to be dismissed.@  Because dismissal with
prejudice is proper when a party refuses to cure a pleading defect, appellees
provided appellant with notice of a potentially prejudicial dismissal by filing
their motion to abate.  See id.  Accordingly, we overrule appellant=s third
issue.  

 

 

 








V.  Conclusion

Having
overruled appellant=s four
issues, we affirm the trial court=s order dismissing the case with prejudice.             

 

 

                                                TERRIE
LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DELIVERED: March 1, 2007











[1]See Tex. R. App. P. 47.4.





[2]Article
7.01, section E of the TBCA provides that any corporation dissolved by the
Secretary of State may be reinstated at any time within a period of thirty-six
months from the date of dissolution upon approval of an application for
reinstatement.  See Tex. Bus. Corp. Act Ann. art. 7.01, '
B(1), D, E (Vernon 2003).  





[3]In
their original answer, appellees argued that Athe
only proper party Plaintiff would be Ralph Gray, who has not been joined as a
party to this suit.@ 





[4]Under the doctrine of invited
error, a party cannot invite error and later complain that the trial court
ruled in accordance with his request.  See
McInnes v. Yamaha Motor Corp., U.S.A., 673 S.W.2d 185, 188 (Tex.
1984).  





[5]It is
unclear from the evidence presented in the pleadings what rights Gray retained
in the real estate contract.  Because
both parties conceded that Gray was a proper plaintiff, we can assume, based on
these concessions, that he maintained some interest or rights in the
contract.  See Sedgwick v. Kirby Lumber Co., 130 Tex. 163, 107 S.W.2d 358,
359-60 (1937) (holding that counsel=s statement in open court could be used to interpret the
litigant=s stance in petition); Sepulveda
v. Krishnan, 839 S.W.2d 132, 135 (Tex. App.CCorpus Christi 1992) (attorney=s statements in court could be
judicial admission), aff'd, 916 S.W.2d 478 (Tex. 1995); Carroll
Instrument Co. v. B.W.B. Controls, Inc., 677 S.W.2d 654, 659 (Tex. App.CHouston [1st Dist.] 1984, no writ)
(party was bound by attorney statement during argument to court).





[6]While
dismissal with prejudice was proper for appellant, Gray, individually, may
still be able to bring suit.